THE PEOPLE *ex rel.* MATHEW LAMBY *v.* S. H. DWINELLE, JUDGE OF THE FIFTEENTH JUDICIAL DISTRICT.

JURISDICTION TO PUNISH FOR CONTEMPT.—District Courts have jurisdiction to punish for contempt persons who re-enter upon a tract of land after having been dispossessed therefrom by a judgment and process of a Court of competent jurisdiction.

CERTIORARI.—The Supreme Court, on certiorari, will only inquire whether the inferior Court exceeded its jurisdiction.

ACT OF 1862 TO PUNISH CONTEMPTS.—The Act of 1862 for the punishment of contempts committed by re-entering on land after having been dispossessed by judgment and process of a Court, was designed not only to protect the Court from contempt of its authority, but to give a party injured an additional remedy in the action, for the restoration of what he was entitled to by the judgment.

THE facts are stated in the opinion of the Court.

*James C. Zabriskie,* for Relator, contended that at the hearing of the contempt case, the fact was established that Lamby, before he entered the second time on the land, had acquired the title of the United States to the same, and that this determined the question of right *absolutely,* and equally determined that the Court had no jurisdiction, and cited *Whitney* v. *Board of Delegates of San Francisco,* 14 Cal. 500.

*M. S. Chase,* for Respondent.

Review on certiorari can be had only upon the concurrence of three contingencies, not upon the occurrence of any one of them: 1. Where there has been an excess of jurisdiction. 2. Where no appeal lies. 3. Where no plain, speedy and adequate remedy exists. (Prac. Act, Sec. 456.) "Where an appeal is given by the statute, that remedy is exclusive and must be pursued." (*Haight* v. *Gray,* 8 Cal. 300 ; *Clay* v. *Hoagland,* 13 Cal. 173 ; *S. N. and Placer R. R. Co.* v. *Harlan,* 24 Cal. 334.)

The order fining petitioner for contempt was a " special

order made after final judgment in the ejectment suit, and as such appealable from within sixty days from its date." (Prac. Act, Secs. 336 and 347.)

" The remedy of the defendant is by appeal, and not by writ of review. The latter lies only when the former does not." (*The People ex rel. Sturges* v. *Shepard*, 28 Cal. 115.)

By the Court, CURREY, C. J.

Certiorari for the purpose of reviewing the proceedings had in the District Court of the Fifteenth Judicial District in and for the County of Contra Costa, and the order of conviction by said Court rendered against the relator for contempt.

In June, 1864, M. S. Chase obtained judgment in said Court against Mathew Lamby as defendant, who soon thereafter was ejected from the premises under an execution issued on the judgment, and Chase was put in possession thereof. In March, 1865, while Chase was in the actual possession of the premises, Lamby re-entered into and upon the same, and against the will of Chase took possession thereof, and ousted Chase therefrom, and thereupon committed divers acts of trespass by felling timber growing on the premises, and particularly in cutting, girdling and felling ornamental and shade trees of great and essential value to the premises. Subsequently, in April, 1865, upon proceedings in the ejectment suit, duly instituted, Lamby was brought before the District Court to show cause why he should not be punished for the commission of the acts above mentioned as for contempt of Court. Lamby having appeared, made answer. After hearing and trying the matter in issue, the Court found and adjudged Lamby to be guilty of a contempt of Court and of its judgment and process by reason of the acts complained of, and rendered in due form a judgment or order of conviction against him, that he be fined for committing such contempt in the sum of one hundred and fifty dollars.

The proceedings against Lamby as for contempt were insti-

tuted under and by authority of the Act entitled " an Act for the punishment of contempts and trespasses," passed in 1862. (Laws 1862, p. 115.) That Act provides that " every person who shall have been or who shall be hereafter dispossessed or ejected from or out of any piece, parcel, lot or tract of land by judgment, decree or process of any Court of competent jurisdiction, and who, not having legal right so to do, shall re-enter into or upon, or take possession, of any such land or any part thereof," etc., " shall be deemed guilty of a contempt of the Court by which such judgment or decree was rendered, or from which such process issued, and shall be tried and punished therefor in the same manner and form as now provided by law in case of a contempt not committed in presence of the Court." The defense which Lamby made did not satisfy the District Court that his re-entry after he had been dispossessed under the judgment in the action of ejectment was by legal right. Whether the Court was right or wrong upon the merits of the issue joined upon these proceedings is not the question before us, but whether the Court exceeded its jurisdiction is the subject of inquiry.

The Act of 1862 authorized the proceedings taken which resulted in a judgment of conviction against Lamby for contempt. The Court had jurisdiction of the subject matter and of the person of the respondent, and even if it were admitted that the Court erred upon the merits, it cannot be said the judgment for that reason was *coram non judice*. The proceeding must be held to have reference to the action of ejectment and the judgment rendered therein, and the process of execution on such judgment and the dispossessing of Lamby from the premises in controversy in that action. The Act of 1862 was designed not only to protect the Court itself from contempt of its authority, judgment and process, but also to give to the party materially injured by the acts constituting the contempt, an additional remedy in the action for the restoration to him of what he was entitled to by the judgment, and of which he had been deprived by the acts constituting the contempt. The second section of the Act of 1862 provides

that upon a conviction of the party re-entering in defiance of the judgment and of the process thereon issued and executed, for contempt, the Court shall immediately issue an alias process directed to the proper officer, and requiring him to restore the party entitled to the possession of the property, under the original judgment or process, to the possession of which he shall have been dispossessed by the wrongful conduct or act declared in the statute to be a contempt.

We are of the opinion the relator has mistaken his remedy, and that the writ of certiorari should be dismissed, and it is accordingly so ordered.

SAWYER, J., concurring.

The District Court had jurisdiction to inquire and determine whether the re-entry of the applicant for the writ of review, after having been dispossessed under the judgment and execution, was "without legal .right so to do." The Court, after acquiring jurisdiction of the person for that purpose, examined and determined the question in the proper form. It may or may not have erred in the conclusion attained; but however this may be, error in judgment in respect to a question which the Court is authorized to investigate and determine does not constitute an excess of jurisdiction. If it did, every error committed by the Court in. the course of judicial investigation would be an excess of jurisdiction. I think the Court regularly pursued its authority, and did not exceed its jurisdiction; and beyond this we are not authorized to inquire in this proceeding. We cannot correct mere errors on the writ of review. (Practice Act, Secs. 456, 462.) The writ must therefore be dismissed.