Hegar vs. The Chicago & Northwestern Railway Company.

HEGAR vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

(1–3.) RAILROAD—PUBLIC STREET—DAMAGES : *Right of adjoining lot-owner in village or city, to damages, for construction of railroad over street.*

(4.) PRACTICE : *Two issues, one for court, and one for jury ; both must be determined before judgment.*

1. It is settled in this state that the owner of a lot bounded by a public street within a recorded town or village plat, takes to the center of the street, subject to the public easement.

2. Where a railroad company occupied the street in front of plaintiff's lots, with its road-bed and ditches, so as to destroy the ordinary use of the street on plaintiff's side, to the middle thereof, it must be regarded as having taken possession of the *whole* of said half street, although some five feet thereof were not actually occupied by the road-bed and ditches; and plaintiff may recover the whole, or damages for the taking thereof.

3. In such a case, plaintiff was entitled to show the value to him of the use of the land in question *as a street :* and that would be the measure of his damages.

4. When two issues are presented, one for the court and the other for the jury, the verdict as to the latter will not be set aside because the court neglected to determine the former; but the judgment will be reversed on appeal therefrom, and the cause remanded with directions to try the other issue.

APPEAL from the Circuit Court for *Jefferson* County.

The complaint avers that plaintiff is the owner in fee (1) of a certain strip of land in the S. E. ¼ of the S. E. ¼ of section 35, T. 7 N., R. 14 E., in said county; and also (2) of a certain other strip described as follows: " Commencing in the center of Catharine street, four rods south of Dooling street, in Howell's Addition to the village of Jefferson; running thence east two rods to the north line of lot 7, thence south parallel with the center of said street six rods, thence west two rods, thence north in the center of said street six rods, to the place of beginning;" and that defendant unlawfully withholds the possession of said pieces of land, etc. The answer contains a general denial; and as to the piece of land first described, it sets up an agreement between the defendant company and one Holmes, the plaintiff's grantor, by which Holmes agreed to convey said land to the defendant; and it asks that plaintiff may be adjudged to convey said piece of land to defendant. Reply, denying such alleged agreement with Holmes.

When the cause came on for trial, a jury was empaneled to try the second cause of action. Plaintiff proved that he was the owner of lot seven and the north half of lot six in block seven in Howell's Addition to the village of Jefferson, and that, by the recorded plat of said addition, said lots front on Catharine street, which is four rods wide. As to the defendant's occupation of the east half of said street in front of said lots (which is the second strip of land described in the complaint), the facts proven are stated in the opinion. The plaintiff was permitted, against objection, to ask one Spright, "What is the yearly value of the two rods by six?" and he answered, "About fifty dollars." The court instructed the jury, in substance, that plaintiff was the owner in fee of the half of said street adjoining his lots, and if the same was so used and obstructed by the railway company

as to destroy it as a common public highway or street, they would be warranted in finding that defendant was in possession of the whole of that portion of the street; but if they did not find it to be in possession of the whole, their verdict should describe the portion of which it was in possession. The court refused an instruction asked by defendant to the effect that plaintiff could not recover for any more of the strip in question than defendant actually occupied by its track and the ditch on the east side thereof.

Verdict, that the land described as part of Catharine street was the land of the plaintiff in fee simple, and he was legally entitled to the possession thereof; and that defendant unlawfully withheld the possession of it from him, to his damage $100. Judgment was rendered in accordance with this verdict, without determining the issue as to the land first described in the complaint; and from this judgment defendant appealed.

*Enos & Hall*, for appellant, contended that the title to the land in Catharine street was in the village of Jefferson, and not in the plaintiff, citing R. S. ch. 47, sec. 5; *Kimball v. City of Kenosha*, 4 Wis. 321. They also referred to *Gardiner v. Tisdale*, 2 Wis. 153, and *Weisbrod v. Railway Co.*, 21 Wis. 602, as being in harmony with this construction of the statute. 2. The plaintiff should not have been permitted to recover for more land than defendant was in the actual possession of. 3. The question to Spright assumed that plaintiff was entitled to recover without regard to the right of the public in the premises. 4. It was error to render final judgment without disposing of both issues in the action. 9 Wis. 246; R. S. ch. 132, sec 6; 17 Wis. 351.

*Weymouth & Porter*, for respondent, to the point that the proprietors of lots bounded by a public street within a recorded town or village plat, take to the center of the street, and own the soil, subject to the public easement,

cited *Kimball v. City of Kenosha*, 4 Wis. 321; *Goodall v. Milwaukee*, 5 id. 32; *Milwaukee v. R. R. Co.*, 7 id. 85; *Mariner v. Schulte*, 13 id. 692; *Ford v. R. W. Co.*, 14 id. 609; *Weisbrod v. R. W. Co.*, 18 id. 35. 2. In support of the question to Spright and the instructions as to the extent of recovery, they cited *Ford v. Railway Co., supra*.

COLE, J.    There were two issues in this case.    In respect to the piece of land first described in the complaint, the defendant set up an agreement between it and Mr. Holmes, the plaintiff's grantor, by which Holmes promised and agreed to convey that strip of land to the defendant company; and it asked for a specific performance of this agreement.    This of course was in the nature of an equitable counterclaim, to be tried by the court.

We suppose it was irregular practice to enter judgment upon the verdict without also disposing of the other issue.    There may be no necessity for submitting any question on the equitable counterclaim to a jury; and therefore, whether the verdict should be set aside and a new trial ordered, depends entirely upon the result of the trial on the issue not disposed of.    For we are satisfied that no error has intervened which would warrant the court in setting aside the verdict upon the issue already tried.    Exceptions have been taken to the rulings of the court on the trial; but we think they are all untenable.    In the first place it is objected, that the court erred in permitting the witness Spright to answer the question asked him as to the yearly value of the strip of land in the village of Jefferson; because, it is said, the question and answer assume that the plaintiff is entitled to recover that value without regard to the public easement thereon.    But we do not so understand the matter. The claim was, that the defendant company unlawfully occupied the east half of Catharine street abutting on

the plaintiff's lots, with its road-bed, ditches, etc., and that consequently the street was useless on account of these obstructions. And the question was, what was the annual value of this strip—which had thus been unlawfully occupied—as a street, and as a means of ingress and egress to and from the adjacent lots? The use and enjoyment of this strip for the purposes of an ordinary street or highway, might be valuable to the owner of the adjoining lot; and whatever this value was might be recovered in the action. And the object of the question was to prove this value, subject, of course, to the right of the public to use the street for the purposes of an ordinary highway.

The plaintiff proved that the defendant had constructed its road in Catharine street in front of his lots, and that its road-bed, and the ditch on the east side of the track, occupied all of the strip of land described in the complaint lying east of the center of Catharine street, except six or eight feet on the east side, not sufficient for a road, which few feet in width the company had never occupied. The defendant asked the court to instruct the jury that the plaintiff could not recover any more of the strip of land in Catharine street than the defendant actually occupied by its track and the ditch. The court, however, refused so to charge, but did instruct the jury, in substance, that if the company so used and obstructed that portion of the street as to destroy it as a common highway, that fact was sufficient to warrant them in finding that the defendant was in possession of the whole of that part of the street. We can see no objection to this charge. For while the company did not actually cover with its road-bed and ditch the entire space from the center of the street to its eastern limit, yet it practically destroyed that entire space for a street. It was really in possession of that strip of ground.

The doctrine that the proprietors of lots bounded by

a public street within a recorded town plat or village, take to the center of the street, and own the fee subject to the public easement, is so well established in this state that it is no longer open for argument. For the reasons given in the first part of this opinion, the judgment must be reversed, and the cause remanded with directions to proceed and try the issue for equitable relief.

*By the Court.*—Judgment reversed and cause remanded with the directions above specified.