[No. 3,581.]

# THE CENTRAL PACIFIC RAILROAD COMPANY *v.* THE BOARD OF EQUALIZATION OF PLACER COUNTY.

Object of Writ of Certiorari.— A writ of certiorari brings up for review only the question whether the inferior officer, Court, or tribunal has acted in excess of jurisdiction, and cannot be used as a writ of error for the correction of mistakes, either in law or·fact, committed within the jurisdiction.

Idem.— Section thirty-six hundred and eighty of the Political Code, requiring the Board of Equalization, on an application to equalize an assessment, to have the evidence taken down and to declare the legal principles it has been governed by, does not change this rule.

Power of Board of Equalization.— A refusal of a Board of Equalization to reduce the assessed value of property, made on a complaint by the

party assessed, does not preclude the Board from afterwards raising the assessed value of the same property, upon complaint made that it has been assessed too low.

IDEM.—The action of a Board of Equalization, on an application to change the assessed valuation of property, is not *res judicata.*

IDEM.—The Court is not prepared to say that a Board of Equalization is limited to one application, either to reduce or raise the assessed value of property.

CERTIORARI from the Supreme Court to the Board of Equalization of Placer County, on petition of the Central Pacific Railroad Company.

The County of Placer was divided into revenue districts, and sixteen and a quarter miles of the railroad of the petitioner was in District Number One, and seventy-six miles thereof in District Number Two. The Assessors of said districts listed said road and the telegraph line of the company along the road at twelve thousand dollars per mile, for the fiscal year 1871–2, and returned the same to the Clerk of the Board of Supervisors, about June, 1872. On the 2d day of July, 1872, the company filed a complaint with the Board of Equalization, asking that the assessment be reduced to six thousand dollars per mile. The Board, after hearing evidence on both sides, on the 19th day of July, 1872, denied the application. On the 9th day of July, 1872, J. E. Campbell, a taxpayer, filed with the Board a complaint that the assessment was too low, and asking that it be raised. The Board, after hearing evidence and argument on this application, on the 27th day of July, 1872, granted the application, and raised the assessment to twenty-five thousand dollars per mile. The Board also, on demand of the petitioner, entered of record a declaration of the legal principles by which it was governed in raising the assessment.

This declaration was to the effect that the sum to which the assessment was raised was the full cash value of the property at which it would be appraised if taken in payment of a debt, and that the Board did not confine itself to

the mere value of rails, ties, spikes, chairs, and fish plates, but took into consideration the railroad as a whole, with its embankments, cuts, fills, culverts, trestlework, snowsheds, and everything entering into its construction, and the fact that it was a part of an entire road, extending from San Francisco to the City of Ogden, in the Territory of Utah, and connecting there with other railroads extending to the Atlantic Coast.

*T. B. McFarland,* for Petitioner.

On a common law certiorari the Court may go beyond the inquiry whether the inferior tribunal had jurisdiction of the person and subject matter, and whether its proceedings and judgment were within that jurisdiction; and may examine the whole case to ascertain whether the principles upon which the inferior tribunal acted were erroneous. (*The People* v. *The Board of Police,* 39 N. Y. 506; see also, *Swift* v. *The City of Poughkeepsie,* 37 N. Y. 516; *Baldwin* v. *The City of Buffalo,* 25 N. Y. 315; and *Western Railroad Co.* v. *Nolan,* 48 N. Y. 513.)

*T. B. McFarland* and *E. L. Craig,* also for Petitioner.

*J. M. Fulweiler* and *C. A. Tuttle,* for Respondent.

This Court cannot review the legal principles upon which the Board declared they acted, any further than they relate to the jurisdiction of the Board; and to inquire into the question as to whether, under the evidence, the Board placed the correct valuation upon the property of petitioner, would be turning the writ of certiorari into a writ of error, and that would be against all former decisions of this Court, as to the purview of the writ. (*Winter* v. *Fitzpatrick,* 35 Cal. 269; *People* v. *Dwinelle,* 29 Cal. 632; 29 Cal. 459; *Whitney* v. *Board of Delegates,* 14 Cal. 479; *People* v. *Elkus,* 40 Cal.

642; *Central Pacific Railroad Co.* v. *Board of Equalization of Placer County*, 43 Cal. 365.)

The Legislature, by adopting the new Code, did not change or enlarge the purview of the writ of certiorari. The writ should not be turned into a writ of error when reviewing the proceedings of Boards of Equalization, as, when directed to other tribunals, it only extends to a review of questions of jurisdiction.    Its operation should be uniform. (Sec. II, Art. I, Constitution State of California; *Smith* v. *Judge of Twelfth District*, 17 Cal. 547: *People* v. *Fredericks*, 48 Barb. 173.)

By the Court, CROCKETT, J.:

It has been settled by a long series of decisions in this State that a writ of certiorari brings up for review only the question whether the inferior officer, Court, or tribunal, has exceeded its jurisdiction, and cannot be used as a mere writ of error for the correction of mistakes, either in law or fact, committed by the inferior tribunal within the limits of its jurisdiction.    (*Whitney* v. *Board of Delegates*, 14 Cal. 499; *People* v. *Dwinelle*, 29 Cal. 632; *People* v. *Burney*, 29 Cal. 459; *Winter* v. *Fitzpatrick*, 35 Cal. 269; *Morley* v. *Elkus*, 37 Cal. 454; *Will* v. *Sinkwitz*, 39 Cal. 570; *People* v. *Elkus*, 40 Cal. 642; *Barber* v. *San Francisco*, 42 Cal. 630; *Central P. R. R. Co.* v. *Board of Equalization of Placer County*, 43 Cal. 365.)    But it is contended that section three thousand six hundred and fifty of the Political Code has wrought 'a change in the rule, when it is sought to review the action of a Board of Equalization in increasing or diminishing the amount of an assessment.    That section provides that where the Board increases or diminishes the valuation, the Clerk must take down the evidence, "and upon the demand of the applicant the Board must declare the legal principles it has been governed by in ascertaining

the valuation adopted by it."   It is claimed that this provision would be meaningless, and without significance, except for the purpose of enabling the Court of review to determine whether the Board had regularly pursued its authority in the method adopted for ascertaining the value. It was, doubtless, intended to place upon the record an authentic statement of the facts proved, and of "the legal principles" on which the Board acted, so that the proceedings in a proper case might be reviewed in some appropriate proceeding.    But a writ of certiorari is not the appropriate proceeding for the correction of mere errors of judgment, in respect either to the facts or the law of the case, in determining questions within the jurisdiction of the Board. It is conceded that the Board had the jurisdiction to determine whether the valuation placed upon the property by the Assessor was too high or too low, and to raise it or diminish it accordingly.   The complaint is that the Board acted upon an erroneous basis in arriving at the value.   If so, it was a mere error of judgment in the decision of a question which they had authority to decide, and the error cannot be corrected in this form of proceeding.

But it is said that after having refused to reduce the valuation, on the application of the railroad company, the Board had exhausted its power over the subject, and had no jurisdiction to entertain the application of Campbell to raise the valuation.   Section three thousand six hundred and seventy-three of the Political Code provides that "the Board has power to determine all complaints in regard to the assessed value of property, and may, except as prohibited in this title, correct any valuation by adding or deducting such sum as may be necessary to make it conform to the actual cash value."   The fact that the Board refused to *reduce* the valuation, on the application of the railroad company, is in no sense an adjudication that it ought not to be raised.   If it be admitted that on that application the Board had the

power to raise the valuation, instead of reducing it, this would lend no support to the proposition that the Board could not afterwards entertain an application to raise it. The proceeding would include no element of *res judicata;* and if it did, we are not prepared to say that a Board of Equalization is necessarily limited to one application, either to reduce or raise the valuation.

Writ dismissed.