<hr/>

[No. 13453.   Department Two. — February 28, 1890.]

ADELA MULLER ET AL., RESPONDENTS, *v.* SOUTHERN PACIFIC BRANCH RAILWAY COMPANY, APPELLANT.

EMINENT DOMAIN — TAKING OF LAND ON STREET — PUBLIC BOUNDARY — HEARSAY EVIDENCE — ANCIENT REPUTE. — In an action to recover damages for the taking of land by a railroad company, consisting of part of a city lot situated on a public street, evidence of common reputation or hearsay, existing before the controversy arose, as to the initial point of the survey of the street, to show the line of the street, is admissible. Common reputation or hearsay is admissible to establish a boundary line of general or public interest, provided it existed before the controversy arose.

ID. — OBJECTION TO EVIDENCE — PRELIMINARY QUESTION AS TO REPUTE OF BOUNDARY OF STREET. — A preliminary question asked of a witness as to whether he had learned from reputation, hearsay, or otherwise, what

was the location of the initial point of the survey of a public street, is not objectionable on the ground that hearsay evidence is called for; nor does the fact that further examination might have brought out inadmissible testimony make such preliminary question objectionable.

ID. — DAMAGE TO LAND NOT TAKEN — EVIDENCE OF VALUE — OFFERS OF PURCHASE — QUESTION OF FACT. — Evidence as to *bona fide* offers made for the purchase of a lot not taken abutting land taken under the right of eminent domain is admissible to prove the value of the land not taken upon the issue of damages, the weight of such evidence and the *bona fides* of the offer being questions of fact for the jury.

ID. — TAKING OF STREET FOR RAILROAD — MEASURE OF DAMAGES. — Where the fee of one half of a street is in the plaintiff, the measure of damages for the taking of the street by a railroad company for its road is the value of plaintiff's interest in the land taken when the railroad company entered to construct its road, subject to the easement for a public street, and the measure of damages to the lot not taken abutting the street is the difference between its value at the time the railroad company entered to construct its road, and its value when the road was completed. If there was no depreciation in the value of such lot when the road was completed, there has been no damage, and none can be allowed.

ID. — EVIDENCE — SPECULATIVE DAMAGE TO LOT NOT TAKEN — INSTRUCTION. — Evidence as to what the value of the lot not taken would have been had the railroad been built upon another street is not admissible to show the damage to the lot, since the damage to be allowed is not a failure to realize a profit which, under another state of matters, might have been realized, but the loss actually suffered, and it is error to refuse to instruct the jury that such supposed value cannot be considered.

ID. — DAMAGE TO BUSINESS ON LOT NOT TAKEN. — In arriving at the value of the land not taken, all its capabilities or the uses to which it is adapted should be taken into consideration, and the same considerations are to be regarded as in a sale of land between private parties. The fact that the lot is rendered less valuable for the particular business for which the owner is using it, by reason of the taking of the street in front of it by the railroad company, may be considered on the question of damages.

APPEAL from a judgment of the Superior Court of Santa Barbara County.

The facts are stated in the opinion of the court.

*R. B. Canfield*, for Appellant.

*B. F. Thomas*, for Respondent.

THORNTON, J. — Action to recover damages for a strip of land situate in the city of Santa Barbara, taken by

LXXXIII. CAL.—16

defendant on which to build its road, and for damages to the abutting lot not taken. Judgment passed for plaintiff, and defendant appeals.

It became necessary to prove the boundaries of the land of plaintiff, in order to adjust the damages suffered. The official map of the city of Santa Barbara was produced. The lot is situate on Gutierrez Street, in that city. There was a controversy in regard to the line of the street, and it became necessary to prove it. No beginning-point was designated or shown on the map. To show where the beginning-point was (the map appeared to have been made by one Haley, in pursuance of a survey of the city, showing streets, etc., made by him), the plaintiffs called F. N. Gutierrez, and put to him this question: "Well, have you learned from reputation, hearsay, or otherwise, as to where the initial point was in the making of this survey?" Defendants objected to the question, on the ground that it called for hearsay and incompetent testimony.

That common reputation or hearsay is admissible to establish a boundary line of general and public interest, we think is settled at common law, and in this state by statute. (Code Civ. Proc., sec. 1870, subd. 11.) Such reputation as is hearsay must have existed before the controversy has arisen. We think that the objection to the competency of the question on the ground that it was hearsay was not well taken; and this is, in our opinion, all that the objection amounted to. The question as a preliminary one was permissible. Probably the further examination might have brought out testimony which was inadmissible, but this does not make the question improper. There was no error in allowing the question.

We add on this point, that if the boundary may be proved by hearsay, certainly the beginning-point, the most material point, can be so proved. The greater includes the less.

The testimony of Muller as to offers made for the purchase of the lot of land above mentioned not taken was admissible to prove its value, and the question properly allowed upon the issue of damages. *Bona fide* offers for property afford some test as to its value, and are, we think, admissible. (*Harrison* v. *Glover*, 72 N. Y. 451.) What weight such testimony is entitled to is for the jury; so, also, the *bona fides* of the offer is a question of fact to be determined by the jury. A cross-examination as to all the circumstances of the offer will show to the jury what weight is to be given by the testimony.

We must consider this a case where the fee of one half of the street is in the plaintiff; for the jury by their verdict have so affirmed. Hence the plaintiff is entitled to recover the value of the land taken, subject to the easement for a public street; and, in addition, damages to the part not taken, here, to the abutting lot, by reason of the part taken for railroad purposes.

The value of the land taken is that which it had when the defendant entered to construct its road. The value of the part not taken is to be determined by ascertaining the value of such part when the defendant entered to build its road, and by deducting from it, if a depreciation occurred, the value when the road was completed. If there had been no depreciation when the road was completed, there has been no damage, and none can be allowed. On this subject see the following cases: *Imlay* v. *Union Branch R. R. Co.*, 26 Conn. 249; *Kucheman* v. *C. C. & D. R'y Co.*, 46 Iowa, 366; *Jeffersonville etc. R. R. Co.* v. *Esterle*, 13 Bush, 667; *Matter of Prospect Park and Coney Island R. R. Co.*, 13 Hun, 345; 16 Hun, 261; *Matter of New York Central and Hudson River R. R. Co.*, 15 Hun, 63; *Henderson* v. *New York Central R. R. Co.*, 78 N. Y. 423; *Hegar* v. *Chicago and Northwestern R'y Co.*, 26 Wis. 624.

We are inclined to think in this case that the difference between the value of the lot when the defendant

entered to construct its road and the value when the road was completed will show what the plaintiff is entitled to recover. .

The value of the land taken on the street when the street is subject to public easement is so small as to be scarcely appreciable.    There seems no probability of the termination of the easement, and until that is terminated the plaintiffs can only use the land for the purposes of a street.    The depreciation of the abutting lot is caused only by the obstruction to the street by the embankment raised on it by defendant, and thus impairing plaintiffs' use of the street in connection with his lot.    We do not intend, however, to say that plaintiffs cannot recover the proved value of the land taken.

The court below admitted evidence as to the value the lot would have had had the railroad been built on some other street in Santa Barbara.    This could only have been admitted as affecting the damage to the lot by the defendant.    We cannot see on what view or principle this evidence was admitted.    The damage to plaintiff must be estimated on the actual facts of the case, not on any speculative theory of what might have been the result if something had occurred which in fact did not occur.

It is difficult to see what effect this evidence could have had on the subject of damage.    If the court intended to allow the jury to add to the difference in values above pointed out as legitimately allowable, the enhancement in value which would have occurred had the road been built on some other street in the city, it was a departure from the just rule.    The damage allowed is not a failure to realize a profit which, under another state of matters, might have been realized, but the loss actually suffered; and the defendant is only called on to make compensation for that loss.

The court was requested by defendant to tell the jury that " in estimating the damage to the portion of plain-

tiff's land not taken by the railroad, you must not consider what the value of the land would have been if the railroad had been constructed through the city, but along some other street than Gutierrez Street."

For the reasons above given, the admission of the evidence was an error. The failure to give the requested direction, above quoted, was also an error, as it in effect allowed the jury to take into consideration the question of value as affected by the building of the road on a different street, the consideration of which tended to lead them, the jury, away from the true rule.

We see nothing in this case which raises the question of setting off benefits to plaintiffs against damages suffered by them, and we say nothing in regard to the point, except to refer to the former decision of this court in *Pac. C. R. R. Co.* v. *Porter*, 74 Cal. 261, which meets our approval.

In arriving at the value of the land, all its capabilities, or the uses to which it is adapted, should be taken into consideration. These capabilities are estimated by a purchaser, and we cannot see why evidence in regard to them is not admissible. The same considerations are to be regarded as in a sale of land between private parties. (*San Diego & C. Co.* v. *Neale*, 78 Cal. 67; *Boom Co.* v. *Patterson*, 98 U. S. 69; and cases cited in 3 Sutherland on Damages, note 4.) If the abutting lot is rendered less valuable by the obstruction because the owner is using the lot for a particular business, and the obstruction renders the lot less valuable for that business, we do not see why that should not be considered on the question of damage. This is a use to which the lot may be put, and for which it is actually employed. Such damage is actually incurred, and should be allowed. (*Driver* v. *Western Union R. R. Co.*, 32 Wis. 569; 14 Am. Rep. 726.)

We find no error in the record, save the one pointed out, and for that error the judgment is reversed, and the

cause remanded for a new trial, in accordance with the views herein expressed.

So ordered.

SHARPSTEIN, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment, on the ground upon which the reversal is based in the opinion of Mr. Justice Thornton. With respect to the views therein expressed on other points I express no opinion.

Hearing in Bank denied.