[No. 14375. In Bank. — May 7, 1892.]

## SAN BERNARDINO AND EASTERN RAILWAY COMPANY, Appellant, v. FRANCES T. HAVEN et al., Respondents.

Eminent Domain — Compensation — Evidence — Benefit from Railroad. — In an action to condemn a right of way for the proposed use of a railway corporation, it is incompetent to show that oranges would bring a better price by reason of the railroad being there, or that the value of the crop is dependent on the market, and its accessibility thereto, or that the accessibility of the produce of the land to the market, by reason of the construction of the road, would prevent any depreciation in its value.

Id. — Construction of Constitution — Benefits to Land not Taken. — Section 14 of article I. of the state constitution, providing for compensation for property taken for public use by a private corporation, "irrespective of any benefit from any improvement proposed by such corporation," is not limited to the land taken for a right of way by a railroad corporation, but has reference also to benefits which may accrue to the land not taken, and the amount of damages to the portion of the land of the defendants not condemned must be fixed, irrespective of any benefit which may result to defendants from the proposed railroad.

Id. — Increased Cost of Irrigation — Uncultivated Land. — The increased cost of irrigating uncultivated land which is shown to be adapted for cultivation, and to require irrigation, which would be caused by the building of the railroad through the land involved, is a legitimate subject of inquiry, for the purpose of ascertaining the damage sustained by the owner.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion.

*A. Brunson, E. E. Rowell,* and *Harris & Gregg,* for Appellant.

The court erred in refusing to admit evidence as to whether oranges would bring a better price because of the railroad being there, and as to the accessibility of the land to the market, as the manifest object of the evidence was to ascertain whether or not the construction of the road would cause a depreciation in the value of the land, and was therefore admissible. (*Muller* v. *R'y Co.,* 83 Cal. 243; *Newman* v. *Metropolitan R. R. Co.,* 43 Am. & Eng. R. R. Cas. 415.)

*Rolfe & Freeman, Paris & Fox,* and *George E. Otis,* for Respondents.

No error was committed. Appellant sought to prove the value of benefits to the lands by reason of the building of the proposed railroad as an offset to, or in reduction of, the damages. This cannot be done, by reason of section 14, article I., of the constitution of this state, as has been repeatedly held by this court. (*Pac. R. R. Co.* v. *Porter,* 74 Cal. 261; *Moran* v. *Ross,* 79 Cal. 549; 1 Const. Conv. Debates, pp. 350, 351.) Defendants, in proving value of their lands and damages, were allowed to give evidence as to what prospective purposes their lands were adapted, which appellant claims was error. But on principle and the authorities, the ruling was correct. (*San Diego Land etc. Co.* v. *Neale,* 88 Cal. 56, 57; *Boom Co.* v. *Patterson,* 98 U. S. 403; also see generally Mills on Eminent Domain, sec. 162.)

The COURT. — The plaintiff, a railway corporation, instituted this action against certain parties, as the owners of separate tracts of land, for the purpose of condemn-

ing, to the use of the corporation, a portion of the land of each of the parties owning the tracts, as a right of way for the line of its road across these several tracts. Some of the parties made no answer, and the matter of their compensation is not in issue here.

Some answered, setting up that the lands sought to be condemned were not necessary to be taken for the proposed use of the railroad as a right of way, but demanding that if the lands are taken, the value thereof, and damages for the taking, etc., be awarded to them.

Others filed an answer in the nature of a general denial of the allegations of the complaint.

A trial was had before the court and a jury between the plaintiff and the defendants, J. W. Hall, A. M. Ham, H. H. Linville, H. H. Jones, F. E. Dudley, J. D. Langford, C. H. Tyler, J. B. Tyler, James Fleming, and C. A. Lamb. The jury assessed damages in favor of all the parties with respect to each tract of land affected by the taking of the proposed right of way, and upon that the court rendered its judgment, following the verdict of the jury, etc. From that, and an order denying a new trial, the plaintiff appeals.

The principal errors relied on for a reversal of the judgment and order seem to be the rulings of the court upon the admission and rejection of evidence.

The damages alleged to have been done to the land of defendant H. H. Linville, who owned it separate from the other defendants, was being inquired into from him as a witness, and upon cross-examination, he was asked by plaintiff's counsel these questions:—

" Is it not a fact that oranges will bring a better price by reason of the railroad being there?

"Isn't the value of the crop dependent on the market that you have for it, and its accessibility to the market?

"Will not the accessibility of the produce of the land to the market, by reason of the construction of that road, prevent any depreciation in its value?"

These were all objected to, and the objections sustained by the court, on the ground that they were immaterial

and irrelevant, in that they sought to show *benefits* accruing to the land by reason of the improvement proposed, — that is, the construction of the railroad.

It is argued for the appellant that these questions only sought for evidence to show that the land not taken for the right of way would not be *depreciated* in value, and therefore no damages could result to it, and that such evidence would not go to show a benefit.

We do not so understand the questions; they certainly called for evidence which might show a benefit from the improvement proposed.

Article I., section 14, of the state constitution, reads thus: " Private property shall not be taken or damaged for public use without just compensation having been first made to or paid into court for the owner, and no right of way shall be appropriated to the use of any corporation, other than municipal, until full compensation therefor be first made in money, or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived, as in other civil cases in a court of record, as shall be prescribed by law."

It is argued for appellant that the prohibition contained in this section against taking into consideration the benefit to arise from the improvement is limited to that land which is taken for the right of way, and has no reference to benefits that may accrue to the land not taken. This position, however, is in direct opposition to the construction given to the section by this court in *Pacific Coast R'y Co.* v. *Porter*, 74 Cal. 261, and which was afterwards expressly approved in *Muller* v. *Railway Co.*, 83 Cal. 245.

While it is true that if it could be shown that the value of the land would be enhanced by reason of the improvement, the damage sustained by the owner would be to that extent reduced, still, such evidence would be only another mode of showing the amount of benefit derived from the improvement; and inasmuch as the constitu-

tion declares that the owner is entitled to receive full compensation for the damage done to his land, as well as for the land which is taken, irrespective of any benefit to be thereafter derived by reason of the improvement, such evidence would be irrelevant and immaterial.

Other exceptions were taken by the appellant to the rulings of the court in excluding as well as in admitting evidence upon the issue of damages; but as the rulings of the court in these particulars appear to have been made in accordance with the foregoing construction of the constitution, it is unnecessary to consider them in detail.

For the same reason, the following instruction, given at the instance of the defendants, and excepted to by the appellant, was correct, viz.: "In fixing the amount of damages to that portion of the tract of each defendant not sought to be condemned, which may accrue by reason of the running of the railroad through their premises, the jury must ascertain and fix the amount, irrespective of any benefit which may result to defendants from the proposed railroad."

It is also claimed by the appellant that the court erred in admitting evidence of the increased cost which might result from a system of irrigation upon some tracts, which would have to be adopted if the railroad were built, beyond that which would be suitable if the road was not built. The objection urged is, that the land is uncultivated, and that no such system has yet been adopted, or is in contemplation of adoption. The land appears to have been unadapted to cultivation unless irrigated, and the damage caused by the building of the railroad would be increased if, by reason of such building, the owner was compelled to incur greater expense in its irrigation. Although then uncultivated, the land was shown to be adapted to cultivation. If so, the increase of any cost for bringing it under cultivation, caused by the building of the railroad through the land involved, would be a legitimate subject of inquiry for the purpose of ascertaining the damage sustained by the owner.

The judgment and order are affirmed.