[S. F. No. 6357.  In Bank.—October 5, 1909.]

ALBERT TEAGUE, Petitioner, v. BOARD OF TRUSTEES OF THE CITY OF BELMONT HEIGHTS, et al., Defendants.

MUNICIPAL CORPORATIONS—CONSOLIDATION OF CITIES—PETITION FOR CONSOLIDATION—CONCLUSIVENESS OF FINDING OF CITY COUNCIL—NOTICE OF ELECTION.—A finding of a city council, that a petition for the consolidation of two municipal corporations was signed by a sufficient number of the qualified voters, as required by the act of March 11, 1909 (Stats. 1909, p. 282), is conclusive in a proceeding to compel the city clerk to give notice of an election to determine the question of consolidation, in the absence of a showing of conduct amounting to fraud on the part of the council.

APPLICATION for a Writ of Mandate directed to the Board of Trustees of the City of Belmont Heights, et al.

The facts are stated in the opinion of the court.

Stephen G. Long, and Percy Hight, for Petitioner.

F. A. Knight, for Respondents.

This is an original application for a writ of mandate to compel the board of trustees and the city clerk of the city of Belmont Heights, a municipal corporation, to give notice of a city election to be held in said city on the ninth day of November, 1909, at which election shall be submitted the question of the consolidation of said city with the city of Long Beach, in the time and manner required by "An act to provide for the consolidation of municipal corporations," approved March 11, 1909 (Stats. 1909, p. 282), and for such other orders in the matter as to the court may seem proper.

No sufficient reason has been assigned for declaring the act above referred to to be violative of any constitutional provision. The petition for a writ of mandate sufficiently shows that the proceedings thus far had in the matter of the proposed consolidation have been in strict accord with the provisions of that act. The evidence introduced on the hearing in this court sufficiently shows the truth of all the material allegations of said petition. It was sought to show herein that the petition presented to the city council of the city of Long Beach was not signed by a sufficient number of qualified voters of the city of Belmont Heights, the law requiring that such a petition be signed by not less than one fifth of the qualified voters thereof. The city council after investigation in that behalf made its finding that it was signed by the requisite number. It is well settled that such a finding is conclusive upon the courts in a proceeding of this character, at least in the absence of a showing of conduct amounting to fraud on the part of the council. (*People* v. *Los Angeles,* 133 Cal. 342, [65 Pac. 749]; *People* v. *Loyalton,* 147 Cal. 779, [82 Pac. 620]. See, also, *People* v. *Ontario,* 148 Cal. 634, [84 Pac. 205]; *German S. & L. Soc.* v. *Ramish,* 138 Cal. 130, [69 Pac. 89, 70 Pac. 1067].) There is no sufficient allegation of fraud in the answer, and no evidence was introduced that can be held to establish fraud.

Upon the facts alleged and shown, it is the plain legal duty of the defendants to give notice of the proposed election in the manner provided by the act, and to do all other acts in said matter of the proposed consolidation required to be done by the act of the legislature hereinbefore referred to.

Let a peremptory writ of mandate issue forthwith as prayed for in the petition.

<div align="right">

ANGELLOTTI, J.

LORIGAN, J.

HENSHAW, J.

SLOSS, J.

SHAW, J.