[Civ. No. 2866. Second Appellate District, Division Two.—March 17, 1919.]

## H. & W. PIERCE, INCORPORATED (a Corporation), Appellant, v. COUNTY OF SANTA BARBARA (a Body Politic and Corporate), Respondent.

[1] TAXATION—EQUALIZATION OF ASSESSMENTS—HEARING BY BOARD—EVIDENCE—RECORD.—In the equalization of the assessment of property for the purpose of taxation, there is no provision for taking down of evidence introduced before the county board of equalization at the hearing, or providing for a bill of exceptions to the rulings of such board; hence any question as to the sufficiency of the evidence to authorize the action of the board must be determined by an inspection of the record itself, in the absence of fraud or malicious abuse of power.

[2] ID.—SUFFICIENCY OF EVIDENCE—RECITAL CONCLUSIVE.—Where evidence was taken at the hearing before the board of equalization in support of a raise in the assessed valuation of the property, the recital of that fact in the order forecloses discussion as to the sufficiency of the evidence.

[3] ID.—REVERSAL OF VALUATION—EQUITY.—Equity will not inquire into irregularities, nor reverse questions of valuation, unless the valuation is so grossly excessive as to be inconsistent with an exercise of honest judgment, or is so unequal and discriminating as to violate the fundamental law of the land.

[4] ID.—VOID ASSESSMENT—MORAL OBLIGATION.—In actions to recover taxes, as well as in actions to enjoin or set aside tax deeds, the law is that when there is a moral obligation to pay the tax, it cannot be revoked on account of some technical defect rendering the assessment void.

[5] ID.—VALUE OF LAND—ELEMENTS.—In arriving at the value of land used as a stock ranch, the board is not restricted to the value thereof when used for that particular purpose, but should take into consideration all its capabilities or the uses to which it is adapted.

[6] ID.—JUDGMENT OF BOARD CONCLUSIVE.—Where evidence is in fact taken by the board of equalization, its decision thereon raising an assessment is, in the absence of fraud, valid and conclusive, and its judgment not subject to the supervision of the courts.

[7] ID.—ASSESSMENT-ROLL—OMISSION OF DOLLAR-MARKS AND PUNCTUATION—EFFECT.—A taxpayer cannot recover taxes paid under protest because of the omission on the assessment-roll of the dollar-mark before the figures and the punctuation marks in the proper places,

where it was not misled thereby but went into court and asked for the exact amount which it claims was paid in excess of that which it contends should have been paid.

APPEAL from a judgment of the Superior Court of Santa Barbara County.  S. E. Crow, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Pillsbury, Madison & Sutro, R. B. Canfield and Canfield & Starbuck for Appellant.

U. S. Webb, Attorney-General, T. R. Finley, Geo. H. Gould and E. W. Squier for Respondent.

THOMAS, J.—This action is brought by plaintiff to recover taxes paid under protest as provided by section 3819 of the Political Code.

It is contended by plaintiff, the appellant here, and admitted by respondent in its brief (although this contention was denied in the trial court) that this action being brought under said section, plaintiff was required to present no claim or demand for taxes so paid to the board of supervisors, and that the ruling of the trial court in sustaining plaintiff's demurrer to this affirmative defense, numbered "Third" in the answer, was proper.  In view, therefore, of this condition of the record, appellant's first point may be deemed disposed of. As to this disposition, however, of that point, as between the parties themselves, we express no opinion favorable or adverse thereto.

It is urged by appellant that "a board of equalization cannot change an assessor's valuation of property for purposes of taxation without evidence authorizing them to do so." This is conceded by respondent; but in that concession respondent insists that "after hearing evidence bearing upon the matter, said board has such jurisdiction."

Nothing in the complaint here appears from which fraud or abuse of discretion may be imputed to either the assessor or the board of equalization.

It is contended by appellant that "there was no evidence before the board in this case authorizing the increase ordered," and that "there was not sufficient evidence before the board here to authorize the increase ordered."  In this we are unable

to agree with appellant. There is no merit in this contention. The record discloses that the minutes of the board of supervisors bearing on this matter show on their face that on July 25, 1912, when the matter of raising the assessment came on to be heard, "the following witnesses were sworn and examined: I. W. Stewart, Thos. Nuckolls, John Roupp, and Clio L. Lloyd, County Assessor." Indeed, from the conclusive character of the board's order it is clear that evidence was introduced before the board which, if believed by them—as it obviously was—was sufficient to justify the making of and to support the order. (*Farmers & Merchants' Bank* v. *Board of Equalization*, 97 Cal. 318, [32 Pac. 312].)

[1] We know of no provision, and none has been called to our attention, for taking down the evidence at a hearing, such as the one under discussion here, before a board of equalization, or providing for a bill of exceptions to the rulings of such board. Hence, it must be held that the questions here presented must be determined by an inspection of the record itself, in the absence of fraud or malicious abuse of power (*Farmers & Merchants' Bank* v. *Board of Equalization, supra*); and in such case "the board of equalization is the sole judge of the questions of fact and of the value of property." (*La Grange etc. Min. Co.* v. *Carter*, 142 Cal. 560–565, [76 Pac. 241, 243].) [2] We are clear that the record discloses beyond controversy that evidence was taken at the said hearing before the board of equalization in support of the raise, and the fact, recited in the order, that evidence was taken, forecloses discussion as to the sufficiency of the evidence. (*Teague* v. *Board of Trustees*, 156 Cal. 351, [104 Pac. 581]; *People* v. *Town of Ontario*, 148 Cal. 625, [84 Pac. 205]; *People* v. *Loyalton*, 147 Cal. 774, [82 Pac. 620]; *Central Pacific R. R. Co.* v. *Board of Equalization of Placer County*, 46 Cal. 667; *Pittsburg etc. Co.* v. *Backus*, 154 U. S. 421, [38 L. Ed. 1031, 14 Sup. Ct. Rep. 1114, see, also, Rose's U. S. Notes].)

Complaint is made that "the court erred in refusing to hear proof of the further evidence produced before the board after the evidence of the rental value of the land had been shown to have been given." Appellant then argues that "the court can never tell in advance what may be the effect of further evidence, and should try a case through to the end without stopping the trial on the ground that it has heard enough. Such a course of procedure condemns the litigant before he

has been fully heard. All relevant evidence should be received, unless unreasonably cumulative." Obviously, this is a self-evident truth. Before we can condemn the trial judge in the case at bar, however, of such conduct, and without questioning in the remotest degree the honesty or integrity of counsel for appellant, may we be pardoned if we suggest that he has cited us to no evidence in the record here supporting such criticism; and, indeed, we know of no law, and none has been cited to us, that authorizes us to do so on the argument of counsel in his brief on appeal. If the introduction of testimony before the board be jurisdictional, then the order of the board is conclusive as to the jurisdictional facts, unless the contrary appears by the record (*Humboldt County* v. *Dinsmore,* 75 Cal. 604, [17 Pac. 710]) ; and this is the rule which prevails both in cases of *certiorari* and appeal. (*Hagenmeyer* v. *Board of Equalization of Mendocino County,* 82 Cal. 214, [23 Pac. 14].)

The last ground for reversal urged by appellant is that "the correctness of the board's order, independent of the evidence upon which it was based, is immaterial." We are of the opinion that this difficulty is more apparent than real. It is urged that until the board, acting within its powers, has changed an assessor's valuation, that valuation is presumptively the correct valuation, and is final, and the real owner is entitled to "rest securely upon" it as a settled valuation— and in support of this contention cite *People* v. *Reynolds,* 28 Cal. 108. As we view the case at bar, that case is not in point.

[3] It must be remembered that "equity will not inquire into irregularities, nor reverse questions of valuation, unless the valuation is so grossly excessive as to be inconsistent with an exercise of honest judgment, or is so unequal and discriminating as to violate the fundamental law of the land." (27 Am. & Eng. Ency. of Law, 724; 37 Cyc. 1111 et seq.) In the case at bar, as we have already seen, there was no claim made by appellant in his complaint, nor is there any evidence in the case, that either the assessor or the board of supervisors, sitting as a board of equalization, were guilty of fraud or abuse of discretion. A careful reading of the record in this case—and assuming, without so holding, that we can in this proceeding review the evidence taken before the board —discloses, we think, without contradiction, that the value of

the ranch referred to in this proceeding was at least that assessed by the board, and that the tax was no greater than that imposed upon property of similar character located in that vicinity.

[4]  In actions, such as the present one, to recover taxes, as well as.in actions to enjoin or set aside tax deeds, the law is that when there is a moral obligation to pay the tax, it cannot be revoked on account of some technical defect rendering the assessment void. (*Steele* v. *San Luis Obispo County,* 152 Cal. 785, [93 Pac. 1020] ; *Couts* v. *Cornell,* 147 Cal. 560, [109 Am. St. Rep. 168, 82 Pac. 194] ; *Esterbrook* v. *O'Brien,* 98 Cal. 671, [33 Pac. 765].)

The testimony of the witnesses, together with other evidence introduced before the board, shows clearly that at that hearing it was contended, in behalf of appellant, that the value of the property should be determined by the rental it was producing as a "'stock proposition.'" The board refused to be so restricted. They recognized this fact as an element which might assist in arriving at its real value in money, but took into consideration, in fixing the valuation, the value of the ranch for any purposes to which it appeared to be adapted. We do not think it necessary to cite authorities to support the view of the board, the correctness of which is so obvious. But if it was erroneous, it was an error committed in the exercise of the jurisdiction of the board to hear and determine the matter before it, and such error does not render the order void. [5]  In arriving at the value of the land, *all* its capabilities, or the uses to which it is adapted, should be taken into consideration. (*Muller* v. *Southern Pac. R. Ry. Co.,* 83 Cal. 240, [23 Pac. 265] ; *Santa Ana* v. *Harlin,* 99 Cal. 538, [34 Pac. 224] ; *San Diego Land Co.* v. *Neale,* 78 Cal. 63, [3 L. R. A. 83, 20 Pac. 372].)

The powers and duties of county boards of equalization are prescribed by section 3672 et seq. of the Political Code. No appeal from its decisions, or other method of having its decisions reviewed by a court of law, is provided by statute. [6]  While it appears in the case at bar that evidence was in fact taken by the board, the decision of the board thereon raising the assessment is, in the absence of fraud, valid and conclusive, and its judgments are not subject to the supervision of the courts. (37 Cyc. 1111 ; 27 Am. & Eng. Ency. of Law, 720 ; *Keokuk etc. Bridge Co.* v. *People,* 185 Ill. 276,

[56 N. E. 1049] ; *Board of Commrs.* v. *Bullard,* 77 Kan. 349, [16 L. R. A. (N. S.) 807, 94 Pac. 129] ; *Doty Lumber etc. Co.* v. *Lewis County,* 60 Wash. 428, [Ann. Cas. 1912B, 870, 111 Pac. 562] ; *Stanley* v. *Supervisors,* 121 U. S. 535, [30 L. Ed. 1000, 7 Sup. Ct. Rep. 1234, see, also, Rose's U. S. Notes].)

The record discloses that the property in question was assessed to plaintiff for purposes of taxation by said county and state, and on the assessment of said county "each of said parcels of real property" was so assessed, and that the aggregate amount assessed against such parcels of real property by the county assessor, as aforesaid, is the sum of $88,210. That thereafter, on July 18, 1912, the board of equalization did serve a notice upon plaintiff requiring it to show cause, if any it had, why said assessment should not be raised from said sum last stated, to the sum of $175,000; that said notice complied with the rule of said board in such matters made and provided, and which said rule was promulgated and adopted in compliance with section 3673 of the Political Code; that evidence was taken, and after consideration of the same, and upon reconvening after an adjournment from morning until the afternoon session on the same day, the following record appears: "On motion, duly seconded, it is ordered that said assessment be, and the same is hereby raised from $88,210 to $175,000"—all the supervisors voting in the affirmative. As already intimated, no fraud being alleged or proven, this is conclusive. (*Los Angeles Gas etc. Co.* v. *County of Los Angeles,* 162 Cal. 164, [121 Pac. 384].)

Appellant contends, in effect, that the statute requires the board to designate *in figures* the exact amount of increase for each parcel. This is not the case. From what has just been said, manifestly all was done that the law requires, nothing being left but simply a calculation—a simple problem in arithmetic. The board may designate the percentage or proportion to be figured out by the ministerial officer. The maxim, "That is certain which can be made certain," is applicable here. (Civ. Code, sec. 3538.)

[7] By the specific terms of section 3819, *supra,* it is provided that "if it shall be adjudged that the assessment, or the part thereof referred to in the protest, *was void on the ground specified in the protest* [the italics are ours], judgment shall be entered," etc. The grounds specified in the protest were, first: "Nowhere on the face of said assessment-

roll is there any dollar-mark, or other mark, sign, word, abbreviation, or explanation to indicate what is meant by the figures in the columns on said assessment-roll, which are designed to show the value of the property or the amount of the taxes levied against said property." The answer to this objection is that, while the presence of the dollar-mark before the figures, and the insertion of punctuation marks in the proper places, would probably have been the proper practice, still appellant evidently has not been misled by that omission, as is evidenced by the fact that it went to court and asked for the exact amount which it claims was paid in excess to that which it contends should have been paid. The second ground specified in the protest is "that the board did not hear evidence upon which the order raising the assessment could be based." Third: "That the board raised said assessment because it considered that 'it was necessary to derive more revenue for county purposes, and preferred to raise the amount of the assessment of the said property rather than to raise the tax rate.'" Fourth: "Because the further purpose of the board was to compel appellant to subdivide said property," etc.; and Fifth: "Because it did not increase 'the assessment of each parcel of land separately,' but determined and ordered that the assessment of all the property mentioned in said schedule should be raised to the sum of $175,000." The court held that appellant had failed to produce evidence in support of these grounds, and found against it on those points. The evidence here fully supports that finding.

After an examination of the entire cause, including the evidence taken before the board of equalization, as disclosed by the record here—which we were under no legal, equitable, or moral obligation to do—we fail to find therein any improper admission or rejection of testimony, or any error as to the matter of procedure which has resulted in the miscarriage of justice, or because of which the appellant herein has been denied any substantial right.

The judgment and order appealed from are, and each of them is, hereby affirmed.

Finlayson, P. J., and Sloane, J., concurred.