[L. A. No. 8171. In Bank.—January 18, 1929.]

FIRST TRUST AND SAVINGS BANK OF PASADENA (a Corporation), Respondent, v. COUNTY OF LOS ANGELES, Appellant.

Everett W. Mattoon, W. Sumner Holbrook, Jr., and Edward T. Bishop, County Counsel, and J. A. Tucker and Woodward M. Taylor, Deputies County Counsel, for Appellant.

J. W. Morin and James S. Bennett for Respondent.

LANGDON, J.— This is an appeal by the defendant from a judgment allowing recovery of taxes paid by the

plaintiff as executor of the last will of Caroline Dillingham. Her estate consisted of a substantial interest as beneficiary under a trust in which a Wisconsin company was trustee. The terms of the trust were that the trustee should hold the *corpus* of the trust, and invest and re-invest the same, paying over the income to the beneficiary, and upon her death the entire *corpus* of the trust was to be paid to her executor.

The will of decedent was admitted to probate and the respondent was appointed executor thereof on March 7, 1922. The trustee subsequently sold the capital stock constituting the trust fund and remitted the proceeds to the executor. The first Monday in March of the year 1922 fell on the sixth, the day before the executor was appointed. Some time thereafter the assessment was levied.

The question presented by the appeal is whether the interest which the estate had in said trust on March 6, 1922, was taxable. The estate, as the successor in interest of Caroline Dillingham, also had an equitable interest in the trust property until the *corpus* was paid over to the executor. In the case of *Estate of Dillingham*, 196 Cal. 525 [238 Pac. 367], involving this same trust, it was held that this equitable interest constituted taxable property in this state for the purpose of inheritance taxation. ▪ It has been held that the rules of construction with reference to the use of the word "property" in our inheritance tax law (Stats. 1921, p. 1500) are applicable to the same term in the laws governing the levy and collection of an ordinary property tax. (*Chambers* v. *Mumford*, 187 Cal. 228 [42 A. L. R. 342, 201 Pac. 588].) It follows, therefore, that the estate was taxable as the equitable owner of the property involved here even before the executor was appointed and received the *corpus* of the property. Upon that question the case of *City of St. Albans* v. *Avery*, 95 Vt. 249 [114 Atl. 31], would also be persuasive here, but the reasoning of that case need not be relied upon as a precedent, since this court has passed upon the very trust in question here for the purposes of inheritance taxation in *Estate of Dillingham, supra*, and it has been held that the same rule and reasoning is applicable upon the question involved here.

▪ But it is insisted by respondent that the assessment here did not purport to be one upon the beneficial interest

of the estate, but upon solvent credits of said estate. Technically, the position of respondent is sound, but this is an action in equity, and, as stated in *Steele* v. *San Luis Obispo*, 152 Cal., at page 787 [93 Pac. 1021]: "The rules based upon the maxim that he who seeks equity must do equity are applicable in suits to recover taxes paid. The idea upon which such a suit is predicated is that the county or municipality has received that which in justice it ought not to retain, and, therefore, when the proceedings have been merely irregular, the action will not lie." In the case of *Pierce* v. *Santa Barbara Co.*, 40 Cal. App. 302 [180 Pac. 641], it was said: "In actions, such as the present one, to recover taxes, as well as in actions to enjoin or set aside tax deeds, the law is that when there is a moral obligation to pay the tax, it cannot be revoked on account of some technical defect rendering the assessment void."

The judgment is reversed.

Preston, J., Curtis, J., Shenk, J., Seawell, J., Richards, J., and Waste, C. J., concurred.