[No. 7,236.—Department Two.]

## JOHN BIDDLE v. W. J. OAKS.

TAXATION—ASSESSMENT—CONSTITUTIONAL LAW—PENALTY.—The Legislature may impose a penalty on those who neglect to have their property assessed at the proper time.

ID.—ID.—ID.—ID.—Section 3469 of the Political Code, providing for the double assessment of property which has escaped assessment for the last preceding year, being intended to impose a penalty upon the owner, is not unconstitutional.

APPEAL from a judgment for the defendant in the Superior Court of San Luis Obispo County. McMURTRY, J.

Petition for hearing in Bank was filed in this case after judgment, and denied.

*McD. R. Venable, Dillard & Spencer,* and *Craig & Meredith,* for Appellant.

It is conceded that the section is unconstitutional, unless it be held to operate as a penalty for the owner's failure to furnish a statement to the Assessor. It can not be treated as a penalty, because the Statute does not make its operation depend upon such failure, nor upon any act or omission of the owner. It does not purport to provide a penalty. It operates equally as a consequence of the omission or neglect of the Assessor, as of the taxpayer. Nay, more, it operates as a consequence of a failure of the Legislature itself to properly provide for an assessment, as was the case in 1872, in which year, as determined by this Court, the law was so defective as that no assessment could be made.

It has been a very usual practice with Assessors to assess land to the real owner, and to all owners known or unknown; and this regardless of whether the real owner has furnished a description or not. Now in *Grotefend* v. *Ultz,* 53 Cal. 666, this Court held such an assessment to be no assessment. The land in such case escapes assessment without fault of the owner, and yet the section imposes in such case a double taxation equally as if it had resulted from the fault of the owner.

*W. J.* and *William Graves,* for Respondent.

The section in question should be regarded as a penalty, because the double taxation is not imposed unless the land continues in the same ownership during the two years.

SHARPSTEIN, J.:

Section 3469 of the Political Code reads as follows: " Any property discovered by the Assessor to have escaped the last assessment for the last preceding year, if such property is in the ownership or under the control of the same person who owned or controlled it for such preceding year, may be assessed at double its value."

If that section be constitutional the demurrer to plaintiff's complaint was properly sustained, and the judgment entered upon default of the plaintiff to amend must be affirmed. But

it is urged on behalf of the appellant that this provision of the code is repugnant to section 13, article xi, of the late Constitution, which declared that "taxation shall be equal and uniform throughout the State," and that "all property in this State shall be taxed in proportion to its value, to be ascertained as directed by law."

If any property subject to taxation should escape assessment in any year, the taxation for that year would not be equal and uniform, nor would all property in this State be taxed in proportion to its value, and the behest of the Constitution would not be obeyed. For such an infraction the Legislature has provided a remedy, by the enactment above quoted. All property that escapes assessment one year is liable to be assessed at double its value the next succeeding year. As before remarked, the Constitution does not favor the escape of any property. from taxation, but positively requires that all property shall be taxed. There is no conceivable reason why property that has escaped one year, should not, on the discovery of the fact, be compelled to pay the tax which it escaped paying. And it seems to be pretty well settled that the Legislature may impose a penalty on those who neglect to have their property assessed at the proper time. The penalty for willfully concealing, removing, transferring, or misrepresenting property by the owner or agent thereof to evade taxation is an assessment of it at ten times its value or less. (Pol. Code, § 3648.) The penalty for mere neglect, as in this case, is much lighter, and under certain circumstances, such as a depreciation of the value of property or a lowering of the tax, might operate in favor of the delinquent. That is, his tax upon the double assessment might not be as much as it would have been upon two single assessments.

We do not think that the appellant is in a position to invoke the protection which the Constitution undoubtedly gives to those who, without fault of their own, are illegally taxed.

Judgment affirmed.

THORNTON, J., and MYRICK, J., concurred.