## Weber *vs*. The City of San Francisco *et al*.

Where an assessment is laid upon land in the city of San Francisco, it is not within the province of a court to interfere and order a sale of the land by a decree rendered in an injunction suit, instituted by the owner of the land for the purpose of preventing a sale under an ordinance of the city.

The common council of the city of San Francisco has no authority, under the charter of the city, to impose a penalty of one per cent. per day for the non-payment of an assessment.

Where an assessment was laid for the purpose of improving a street, thereby benefiting the property of the plaintiff in common with the property of other persons owning lots on the same street, and the improvement was completed without the plaintiff's interposing in the outset to prevent it, and he then filed an injunction bill, to stay the sale of his land by virtue of an ordinance of the city, for the purpose of avoiding the payment of his portion of the assessment: *held*, that the injunction ought to be dissolved, on the ground that he who asks equity must do equity, that the city should be permitted to proceed and sell the plaintiff's land for the purpose of satisfying the assessment, leaving him, after the sale, to the technical rights which he set up, by reason, as he claimed, of some irregularities in the mode of making the assessment.

It *seems*, that if the injunction bill had been filed *before* the work was commenced, the court would have felt bound to inquire into the regularity of the assessment.

APPEAL from the superior court of the city of San Francisco, where judgment was rendered in favor of the defendants. The facts, so far as they are material to an understanding of the grounds upon which the opinion of the court was based, are stated in the opinion.

*A. Peachy,* for the plaintiff.

*Wm. Smith,* for the defendants.

*By the Court,* BENNETT, J.   An assessment was laid on property in the city of San Francisco, owned or claimed by the plaintiff, for the purpose of improving a street.   The common council of the city passed an ordinance directing the improvement to be made; and, *after its completion,* the plaintiff filed his complaint in the superior court, claiming that the assessment was, for numerous causes, unauthorized and illegal.   An injunction was accordingly granted to prevent the sale of the plaintiff's land by the defendants.   Upon the hearing of the cause, the superior court rendered judgment, that the injunction should be dissolved, and that, in case of non-payment of the assessment within ten days, the land should be sold under the decree of the court.

The judgment of the court is in part correct, and in part erroneous.   I do not understand, where an assessment is laid upon property, that it is necessary or proper for a court to interfere, by a decree rendered in an injunction suit, brought by the owner of the land, and order a sale of the premises.   The injunction being removed, the city should be left to make the amount of the assessment in the ordinary way.   The judgment, therefore, so far as it decrees the sale of the land, should be reversed.

The common council had no authority under the charter, to impose a penalty of one per cent. a day for the non-payment of the assessment.   This exorbitant imposition ought not, in any event or in any way, to be collected.   That part of the judgment which relates to this matter should be affirmed.

The judgment, in other respects, should be affirmed.   An assessment was laid for the purpose of improving a street, and thereby benefitting the property of the plaintiff in common with the property of other persons owning lots on the same street. The work has been completed; and after the plaintiff has derived all the benefit and profit therefrom, and after the con-

tractors with the city have expended their labor and money to improve the plaintiff's lots, he comes into court, when he is called upon to pay his proportion of the expense, and asks, in effect, that he may be exempted from the general burden imposed for the common benefit of himself and others, on the ground that there are some irregularities in the mode of making the assessments. I think, that should not be permitted. The plaintiff asks for the equitable interposition of the court to prevent a sale of his land by the defendants; but, every principle of equity and justice demands that the plaintiff should pay; and it is one of the first maxims of equity jurisprudence, that he who asks equity must do equity. (1 *Story Eq. Juris. sec.* 64; *Francis' Max.* 1.) Thus, if a borrower of money upon usurious interest, seeks to have the aid of a court in cancelling or procuring the instrument to be delivered up, the court will not interfere in his favor unless upon the terms that he will pay the lender, what is really and *bona fide* due to him. So, on the other hand, if the lender seeks to assert and enforce his own claim under the instrument, the borrower may show the invalidity of the instrument, and have a decree in his favor and a dismissal of the bill, without paying the lender any thing; for the court will not assist a man in effectuating an unequitable or illegal purpose. There are many other illustrations of the maxim. As if a second incumbrancer should seek relief against a prior incumbrancer, who would have had a claim, according to the English law, to tack a subsequent security, the relief would not be granted without the payment of both securities. So, where a husband seeks to recover his wife's property, and he has made no settlement upon her, he shall not have it without making a suitable settlement. So, where an heir seeks possession of deeds in the possession of a jointress, he shall not have relief, unless upon the terms of confirming her jointure. So, where a party seeks the benefit of a purchase made for him in the name of a trustee, who has paid the purchase money, but to whom he is indebted for other advances; he will not be relieved, but upon payment of all the money due to the trustee. (*Story as above cited.*) I think the maxim that he who asks

equity should do equity, the application of which, in a few instances, has been noticed, ought to be decisive against the plaintiff's right to an injunction in this case. He asks the interposition of the court to stay the defendants from selling his land for the purpose of paying an assessment, which in justice he ought to pay. The court below, by its judgment, held, in effect, that, as there was no equity on the side of the plaintiff, it would not interfere to prevent a sale, but would leave him to his strict legal rights, if he has any, after the sale of the premises on which the assessment was laid. I think that the decision of the court is correct in this respect, and that the defendants, or the proper officer of the city, should proceed to sell the land for the payment of the *assessment*, and that alone. Had the plaintiff instituted his proceedings before the work was commenced, and enjoined the city from making the improvement, I should have felt it necessary to inquire into the validity of the ordinance, by virtue of which the assessment was made and sale ordered, and into the powers of the common council, under the charter, to make the assessment in the way they did make it. As the case now comes up, I do not deem this inquiry necessary.

So much of the judgment of the superior court as decrees a sale of the premises should be reversed, and so much of it as enjoins the defendants from collecting the one per cent. a day, together with that portion of the decree which dissolves the injunction in other respects, should be affirmed. The matter will thus stand, except as to the collection of the one per cent. a day, the same as if no proceedings had been instituted, and the parties will be left to their strict legal rights after a sale of the premises, by the proper authorities, and in the mode prescribed by law.

Ordered accordingly.

HASTINGS, Ch. J. The record having been destroyed in the late fires, I have prepared no opinion in this case, and cannot now concur or dissent. (*a*)

---

(*a*) In three other cases decided at this term the doctrine of the above case of *Weber* v. *The City of San Francisco et al.* was affirmed.