OLIVER HUNT, APPELLANT, v. M. V. EASTERDAY,
APPELLEE.

**Taxes:** PETITION TO ENJOIN COLLECTION OF.  H., the owner of
about four sections of land, sought to enjoin the collection of
certain taxes levied in 1871 upon the ground that no oath of
the assessor was attached to the assessment roll, and also cer-
tain district school taxes because not legally levied, but did
not offer to pay the taxes justly chargeable against his land.
*Held*, That the petition did not state a case for equitable relief.

APPEAL from Johnson county.  Tried below before
WEAVER, J.

*S. P. Davidson*, for appellant.

A court of equity will restrain the collection of a
tax which is illegal and void, if the tax deed provided
by law, to be given in case of sale for such tax, is
made by statute *prima facie* evidence of the regular-
ity of all the proceeding, from the valuation of the
land by the assessor up to the execution of the deed
inclusive.  High on Injunctions, 206, 207, sec. 368.
Cooley on Taxation, 543.  Blackwell on Tax Titles,
483, 485.  *Scott v. Onderdonk*, 14 N. Y., 9.  *Dean v.
City of Madison*, 9 Wis., 408.  *Scofield v. City of Lan-*

NOTE.—See *Wood v. Helmer, ante* page 65.  *Southard v. Dorring-
ton, ante* page 119.

*sing*, 17 Mich., 447. *Palmer v. Rich*, 12 Mich., 419. *Kinyon v. Duchene*, 21 Mich., 501. *Burnett v. Corporation of Cincinnati*, 3 Ohio, 87.

*T. Appleget & Son*, for appellee, cited *South Platte Land Co. v. Buffalo Co.*, 7 Neb., 256. *Dows v. City of Chicago*, 11 Wallace, 108. *Heywood v. Buffalo*, 14 N. Y., 534. High on Injunctions, section 355. *Ottawa v. Walker*, 21 Ill., 610. *Chicago v. Frary*, 22 Ill., 34. *Jackson v. Detroit*, 10 Mich., 248. *Exchange Bank v. Hines*, 3 O. S., 1. *Clinton, etc., appeal*, 56 Pa. St., 315. *Macklot v. Davenport*, 17 Ia., 379. Cooley on Taxation, 542. *Head v. James*, 13 Wis., 720. *Moore v. Cord*, 14 Wis., 213. *Bucknall v. Story*, 36 Cal., 67.

MAXWELL, CH. J.

This is an action to enjoin the collection of taxes. The plaintiff alleges in his petition that he is the owner of more than four sections of land in Vesta precinct, in Johnson county, and that said lands were not lawfully assessed in the year 1871, because no oath of the assessor was made or attached to the assessment roll. It is also alleged that certain district school taxes are illegal, and that the defendant is treasurer of Johnson county, and is about to sell said land for said taxes. The prayer is that said taxes may be declared null and void. A demurrer was sustained to the petition in the court below, and the cause dismissed. The plaintiff appeals to this court. There is no equity in this petition. If the facts stated in the petition are true, no title would pass by a tax deed, and in an action at law for the possession of the premises under such deed, such illegality may be shown. But the owner of real estate cannot avoid the hazard of an adverse title by enjoining the collection of taxes if prop-

erly assessed, unless he pays, or offers to pay, the amount justly chargeable against his land. As the burden of taxation must be borne by all the taxable property in the state, there is a moral obligation resting upon every property owner to bear his proportion of the same; and unless he offers to do equity, a court of equity will not lift a finger to aid him.

The judgment of the district court is right, and must be affirmed.

JUDGMENT AFFIRMED.