[15256. In Bank.—July 13, 1893.]

# D. E. ESTERBROOK, APPELLANT, *v.* THOMAS O'BRIEN, TAX COLLECTOR, ETC., ET AL., RESPONDENTS.

INJUNCTION—SALE OF REALTY FOR TAXES TO PAY DUPONT STREET BONDS.—An injunction will not lie to enjoin the tax collector of San Francisco from selling a lot for taxes to pay the principal and interest of the "Dupont Street bonds," under the act of the legislature providing for the widening of Dupont Street, approved March 23, 1876, on account of alleged irregularities in the levy and assessment, by which there was charged to the plaintiff a much larger proportion of the taxes assessed and levied under the provisions of said act than is lawfully chargeable to the lands and improvements, where the plaintiff does not offer to pay such portion of the tax as is legal and fair and ought to be paid.

ID.—OFFER TO PAY JUST PORTION OF TAX.—If the plaintiff ought in equity and good conscience to pay the tax or any part of it, he must first pay it, or the part of it which in equity and good conscience he ought to pay, before he can ask relief from a court of equity.

ID.—RELIEF IN EQUITY AGAINST ASSESSMENT OF TAXES—MORAL OBLIGATION—CLOUD UPON TITLE.—Courts of equity do not review proceedings for the assessment of property, whether they be merely irregular or void, unless it is shown that the lands are not subject to taxation, or that there is no law authorizing any proceedings therefor, and so long as there is a moral obligation to pay any portion of the tax, a court of equity will not lend its aid to prevent a cloud upon the title, but will leave the party to his remedy at law.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Haven & Haven,* for Appellant.

*Pillsbury, Blanding & Hayne, W. C. Belcher,* and *George E. Bates,* for Respondents.

PATERSON, J.—This action was brought to enjoin the defendant O'Brien, as tax collector, from selling a certain lot, belonging to the plaintiff, for taxes levied to pay the principal and interest of the "Dupont Street bonds," under the act of the legislature providing for the widening of Dupont Street, approved March 23, 1876. (Stats. 1875–76, p. 433.)

The complaint shows that the property is situated in the district assessed for the improvement; that the preliminary proceedings prescribed by said act were duly taken; that a report of the commissioners was made to and confirmed by the county court showing the description and cash value of lands and buildings taken for the improvement, and the damages done the same, together with the amount in which each parcel would be benefited by the improvement, amounting to seven hundred and ninety-six thousand eight hundred and thirty-seven dollars, including eight thousand two hundred dollars benefits to the plaintiff's lot; that the total amount of costs and damages resulting from the improvement was put at nine hundred and fourteen thousand nine hundred and forty-one dollars; that after such confirmation the commissioners issued the bonds, amounting to one million dollars. Then follow allegations with respect to the levying of the taxes sought to be enjoined, which, it is claimed, show conclusively that the levy or assessment was wholly unauthorized, illegal, and void, but, nevertheless, sufficient in form to constitute a cloud upon the title of the plaintiff, and to impair the market value of his property.

It is claimed by the appellant that the levy was improperly made because the tax to pay the interest and the tax to pay the principal were united when the amounts for each ought to have been distinguished, and that the assessment was apportioned according to the enhanced values, as fixed by the commissioners, and not upon an annual assessment of the value of the property. In any event it is claimed the tax collector cannot now sell the property for the delinquent assessment of any year excepting the last.

It may be conceded that the levy was not properly made, and that the acts complained of are not merely irregularities but are such as to render the levy illegal and void (matters which we do not decide), and yet the plaintiff, in our opinion, is not entitled to any relief in equity. The rule stated by the respondent, and conceded to be correct by the appellant, is that if the plaintiff ought in equity and good conscience to pay the tax, or any part of it, he must first pay it, or the part of it which in equity and good conscience he ought to pay, before he can ask relief from a court of equity. The allegation of the complaint in that regard is as follows: "That he has been wrongfully and unlawfully charged for more than his just share or proportion of the said annual taxes so imposed upon said land for said Dupont Street taxes; and that the land and improvements thereon of plaintiff have been wrongfully and unlawfully charged with more than their legal and fair proportion of the said annual taxes, by reason of the failure by the duly constituted authorities of the city and county of San Francisco to assess and levy annually a separate tax upon the said lands described in said act, for the payment of the annual interest upon the said bonds; and to assess and levy annually a separate tax upon the said lands and improvements for the payment of five per cent of said sinking fund; that by the failure of said authorities to assess and levy a separate tax upon the large and valuable improvements situated on the westerly line of Dupont Street, or Grant Avenue, in said city, there has been imposed and charged upon the lands and improvements of this plaintiff, so located upon the north line of Sutter Street, in said city as aforesaid, a much larger proportion of the taxes assessed and levied under the provision of said act than is lawfully chargeable to said lands and improvements." There is in this allegation an implied admission that some portion of the tax not stated is legal and fair and ought to be paid. Plaintiff must have had in mind some standard of fairness when he made this allegation, and recognized at least a moral obligation to bear a portion of the burden put upon the property included within the district.

Courts of equity do not review the proceedings of officers entrusted with the assessment of property. If proceedings

taken by them are void, no title will pass by a sale of the real estate, and the party claiming to be injured must litigate his rights in an action at law for the possession of the premises. Of course there are exceptions to the rule, as where it is shown that the lands are not at all subject to taxation, or that there is' no law authorizing any proceedings therefor, but that is not the case here. The act under which the proceedings were had was declared valid in *Lent* v. *Tillson,* 72 Cal. 404, which was brought to enjoin the tax collector from selling certain real estate for the collection of some of the taxes, the payment of which is resisted in this action. In *Weber* v. *San Francisco,* 1 Cal. 455, the court said, speaking of an attempt to resist the collection of an assessment for improving a street: "The work has been completed, and after plaintiff has derived all the benefit and profit therefrom . . . . he comes into court when he is called upon to pay his portion of the expense, and asks in effect that he may be exempted from the general burden imposed for the common benefit of himself and others, on the ground that there are some irregularities in the mode of making the assessments. I think that should not be permitted. . . . . The court below by its judgment held in effect that, as there was no equity on the side of the plaintiff, it would not interfere to prevent a sale, but would leave him to his strict legal right, if he has any, after the sale of the premises on which the assessment was laid. I think that the decision of the court is correct in this respect." The character of the proceedings therein referred to does not appear, but whether they were merely irregular or void, we think the conclusion therein reached was correct. So long as the moral obligation to pay any portion of the tax exists, a court of equity will not lend its aid to prevent a cloud upon the title, but will leave the party to his remedy at law.

There are cases from other states cited which hold to the contrary, and there are some cases of our own courts cited in which the relief herein prayed for was granted, but in the latter no question was made as to the proper remedy.

Judgment affirmed.

McFARLAND, J., HARRISON, J., and FITZGERALD, J., concurred.