[L. A. No. 1381. Department One.—August 23, 1905.]

FANNIE C. GRANT, and U. S. GRANT, JR., Respondents, v. A. F. CORNELL, Tax-Collector of San Diego County, Appellant.

TAXES—DEED TO STATE—IRREGULARITIES IN PROCEEDINGS—INJUNCTION —PLEADING—TENDER OF JUST TAX ESSENTIAL.—A complaint in equity for an injunction to restrain the execution of a tax-deed to the state, on account of irregularities in the description of the land assessed and in the levy and sale, which contains no allegation or showing that the plaintiff has paid or offers to pay the amount of the tax justly chargeable against the land, states no cause of action for equitable relief and a demurrer thereto was improperly overruled.

ID.—CERTIFICATE OF SALE — CONSTRUCTIVE NOTICE TO PURCHASER.— Where the certificate of sale to the state contained a correct description of the land, and was not subject to the defects alleged in the assessment, its record imparted constructive notice to a purchaser of the land, and the title taken is subject thereto, and the purchaser is subject to the requirement upon the original owner, that he who seeks equity must do equity.

APPEAL from a judgment of the Superior Court of San Diego County. J. W. Hughes, Judge, overruling N. H. Conklin, Judge, reversing judgment.

Demurrer.

The facts are stated in the opinion of the court.

Cassius Carter, District Attorney, and W. R. Andrews, Deputy, for Appellant.

Nutt & Shaw, A. E. Nutt, and George H. P. Shaw, for Respondents.

SHAW, J.—This is an appeal by the defendant from a judgment in favor of the plaintiffs, and is taken upon the judgment-roll alone.

The complaint attempts to set forth a cause of action in equity to enjoin the defendant from executing to the state of California a deed of certain lands belonging to the plaintiff Fannie C. Grant, in pursuance of a certain sale thereof for taxes of the year 1891. The basis of the complaint upon which it is claimed that the deed should not be executed is, that the assessment of the taxes for the year in question was informal and irregular, particularly with respect to the description of the property, and that the levy was in part illegal. The property consisted of a block in Horton's Addition to the city of San Diego. The description in the assessment did not mention the name of the city. This is the principal defect alleged. The other irregularities, aside from the alleged illegal levy, relate to certain defective proceedings for the sale of the property. There is no allegation or showing that the plaintiffs, or either of them, at any time paid or tendered any part of the taxes for the year in question. The case in this particular is in all respects similar to the case of *Couts* v. *Cornell, ante,* p. 560, [82 Pac. 194], decided by the court in Bank, and it must be decided upon the same principles. It is there held that in a case where it is not claimed that the property is not liable for taxation, or that the proportion of taxes for which it is justly chargeable has ever been paid, it is necessary, in order to maintain a bill in equity against the officers of the state to prevent the execution of a deed in pursuance of a tax-sale, that the plaintiff should show that he has paid or tendered the amount of the tax justly chargeable against the land, according to the levy legally made for the year in question. It is claimed that the levy for the year 1891 was invalid as to the road-tax and bond and interest tax, composing part of the levy. It is admitted, however, that as to the remaining portion of the levy it was in all respects valid. In such cases it is necessary that the party should pay or tender the valid portion of the tax in order to enable him to enter a court of equity to ask relief concerning the portion claimed to be illegal or invalid.

.  The respondents make the additional point in this case
that the plaintiff Fannie C. Grant became the owner of the
property in October, 1899, long after the proceedings for the
sale took place, and that she was an innocent purchaser for
value, and the court finds the facts in accordance with this
claim so far as actual notice is concerned, but finds further
that she had constructive notice of the sale by reason of the
record of the certificate in the recorder's office.  It is claimed
by the respondents that this certificate did not constitute con-
structive notice, because the assessment upon which it is based
was void.  The authorities cited, however, go no farther than
to state that a deed or other instrument which upon its face
is void, or which is a forgery, does not constitute constructive
notice.  (*Oglesby* v. *Hollister,* 76 Cal. 140, [9 Am. St. Rep.
177, 18 Pac. 146] ; *Hearst* v. *Egglestone,* 55 Cal. 367; *Hager*
v. *Spect,* 52 Cal. 584.)  This certificate in question gave a cor-
rect description of the property, showing the name of the
town, and was not subject to the defects which, it is claimed,
make the assessment invalid.  We doubt if the purchaser of
property can claim the benefit of the doctrine protecting inno-
cent purchasers, for the purpose of evading any duty or bur-
den resting upon the property for the payment of taxes to the
state, in cases where the party is seeking to restrain the officers
of the state from proceeding in the manner prescribed by
law to enforce payment of the taxes.  The lien of the tax
exists by statute, and can be discharged only by payment
(Pol. Code, secs. 3716, 3717), and all persons are required to
take notice of that fact.  But however this may be, the certifi-
cate, being genuine and valid on its face, imparted construct-
ive notice, and charged plaintiffs with knowledge of the fact
that the tax lien existed and that the taxes had not been paid.
It was said in *Couts* v. *Cornell, ante,* p. 560, [82 Pac. 194],
that, notwithstanding the defective and irregular proceedings
for the enforcement of the lien and the collection, the legisla-
ture could authorize a reassessment of the property and sub-
sequent proceedings for the enforcement thereof.  (And see
*San Diego* v. *Riverside,* 125 Cal. 500, [58 Pac. 81].)  The tax
is a charge upon the property from the first Monday in
March of the year for which it accrued, and the plaintiffs,
under the circumstances of this case, occupy no position dif-
ferent from that of the original owner with respect to the

requirement that they must do equity before they can be allowed to receive relief at the hands of a court of equity. The demurrer to the complaint should have been sustained, and the judgment was therefore erroneous.

The judgment is reversed and the cause remanded.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.