[L. A. No. 1524. In Bank.—August 23, 1905.]

## CAVE J. COUTS, Respondent, v. A. F. CORNELL, Tax-Collector of San Diego County, Appellant.

TAXES—DEED TO STATE—DEFECTIVE DESCRIPTION OF LAND—INJUNCTION —PLEADING—EQUITY NOT SHOWN—OFFER TO PAY JUST TAXES.— A complaint in equity to restrain the execution of a tax-deed to the state on account of a defective description of land in the assessment of taxes, which does not show the doing of equity by alleging payment or an offer to pay plaintiff's justly proportionate share of the taxes, states no cause of action in equity, and a demurrer thereto was improperly overruled.

ID.—FORM OF RELIEF IMMATERIAL—MORAL OBLIGATION TO PAY TAX— POWER OF LEGISLATURE.—The form of relief sought in equity is immaterial in the application of the rule that the plaintiff must do equity; and the rule is equally applicable where it appears that a part only of the tax against which relief is sought is justly payable and where the whole tax appears to be just. The moral obligation to pay the tax arises on the first Monday of March of the year for which the taxes in question are levied, and such obligation continues notwithstanding the subsequent assessment is rendered invalid by an uncertain description therein of the land assessed. In such a case the legislature could cure the assessment by authorizing an amendment thereof.

ID.—ENFORCEABLE OBLIGATION — LIEN OF ANNUAL TAX — EFFECT OF CURE OF ASSESSMENT.—There is an enforceable obligation to pay a general annual tax, which is in a sense legal as well as moral; and a lien therefor is established by law, irrespective of the regularity of the assessment. The assessment is enforceable when any irregularity therein is cured by authority of the legislature; and such cure imposes no new obligation, but is merely a step in the enforcement of the original obligation to pay the tax.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Cassius Carter, District Attorney, and W. R. Andrews, Deputy, for Appellant.

Stearns & Sweet, for Respondent.

SHAW, J.—The plaintiff had judgment on a demurrer to the complaint, and the defendant appealed.

The object of the action was to obtain a decree in equity

declaring invalid certain assessments for taxes, and the sales and certificates made thereunder, enjoining the defendant from issuing any deed in pursuance thereof, and canceling the certificates so issued.

The complaint is in two counts, alleging that the plaintiff is the owner of certain land in San Diego County, consisting of parts of the Rancho Guajome, and that in pursuance of the assessments claimed to be invalid, the defendant as tax-collector of the county is about to issue to the state of California deeds purporting to convey said land to the state, in pursuance of tax-sales and certificates thereof made and issued for nonpayment of the taxes on one of said tracts of land for the years 1898 and 1899, respectively, and upon the other for the year 1895. The only defect or irregularity alleged, and the one which it is claimed makes the sales invalid is, that the descriptions of the lands in the respective assessment-rolls are uncertain, and for that reason void. The appellant, for the purposes of the case, concedes that the descriptions are insufficient and uncertain, and that the sales were thereby rendered invalid, and we therefore refrain from expressing any opinion on the point. .

In the consideration of the case it must be assumed as true that the land was subject to taxation; that the tax levies were regularly made and the rates legally fixed by the proper authorities; that the plaintiff's land was fairly and legally valued at the sum stated in the assessment, and, consequently, that the plaintiff's property has been charged with no more than its fair and just proportion of the taxes levied; and further, that all the proceedings for the assessment, collection, and sale were regular and valid, except that the description of the land in the assessment, though correct as to the number of acres assessed, was technically insufficient to identify the land as required by subdivision 2 of section 3650 of the Political Code. The plaintiff comes into a court of equity admitting that he should have paid on account of this property the exact sum originally charged against it; that this was no more than his fair share of the public burden which he, in common with all other taxpayers, must bear for the support of the government whose protection he enjoys.

We think the case thus presented is without equity, and that on the familiar principle that he who seeks equity must

do equity, the plaintiff should be denied the equitable relief which he demands. The obligation to pay his just proportion of the taxes legally levied is one of the highest civic duties of the citizen to the state. The plaintiff admits that he has not been subjected to a greater proportional charge than other citizens have paid, and he, practically, asks exemption from any charge, on the technical ground that one of the public officers engaged in the duty of assessing the property has imperfectly described the property upon which his portion of the burden should be imposed. He claims that this just charge has become, because of an imperfect description, an injurious and oppressive cloud upon his title to the land which a court of equity should remove. The principle justly applicable to the case is thus tersely stated in *Esterbrook* v. *O'Brien,* 98 Cal. 674, [33 Pac. 765]: "So long as the moral obligation to pay any portion of the tax exists, a court of equity will not lend its aid to prevent a cloud upon the title, but will leave the party to his remedy at law." Similar views have been expressed and enforced by this court in *Weber* v. *San Francisco,* 1 Cal. 457; *Hibernia S. and L Soc.* v. *Ordway,* 38 Cal. 682; *San Jose Gas Co.* v. *January,* 57 Cal. 614; *County of Los Angeles* v. *Ballerino,* 99 Cal. 597, [32 Pac. 581]; *Quint* v. *Hoffman,* 103 Cal. 508, [37 Pac. 514]; *Pacific P. I. Co.* v. *Dalton,* 119 Cal. 606, [51 Pac. 1072]; *Ellis* v. *Witmer,* 134 Cal. 253, [66 Pac. 301]; and *Hellman* v. *Shoulters,* 114 Cal. 141, [44 Pac. 915, 45 Pac. 1057]. If the description of the land had been sufficient, the plaintiff, in order to redeem his land from the tax-sales, would be compelled to pay the original tax, and also interest, costs, and penalties amounting to more than the original sum. (Pol. Code, sec. 3817.) The original tax was not unjust, and if we concede that the defective descriptions were so material as to make the sales void, that consequently, under the provisions of section 3806 of the Political Code, the tax-collector should not have offered the lands for sale, and hence that the penalties and costs are unjust, the plaintiff cannot ask to have the sales canceled nor the assessment set aside unless he shows that he has paid, or offers to pay, the amount which of right he ought to pay.

The application of this rule is not confined to cases where the relief demanded is confined to the enjoining of the *collection* of a tax, as distinguished from suits to obtain an

injunction against the issuance of a deed, or a decree removing a cloud, or some other equitable relief in regard to the proceedings taken to enforce collection. The rule is applied because of the broad principle that equity is peculiarly a forum of conscience, and it will not give relief which will enable a party to escape payment of all of a sum of money when it can perceive that in justice he should pay a part, unless he is ready to pay, and accompanies his demand with an offer to pay, the part which is just. The particular kind of equitable relief applied for is immaterial. (*Weber* v. *San Francisco,* 1 Cal. 457; *Hibernia S. and L. Soc.* v. *Ordway,* 38 Cal. 682.)

Nor can the rule be limited to cases where it appears that only a part of the original tax is just. If the entire tax or charge should justly be paid, the complainant would have no standing at all in equity, and he is allowed relief in any case solely because he offers to pay all that is just. Besides, this case does not present the question, for, by the forms of law, the plaintiff's lands are now chargeable by reason of the added penalties with more than twice the amount of the original tax, and it is strictly a case where part of the charge sought to be evaded is just and part unjust.

The fact that the assessment is imperfect as to the description does not, in view of the circumstances here appearing, destroy the moral obligation to pay the tax. The moral obligation to pay the amount justly chargeable as taxes is as great where the defect arises from an imperfect description of property as where it is caused by a valuation fraudulently made excessive, as in *Pacific P. I. C. Co.* v. *Dalton,* 119 Cal. 606, [51 Pac. 1072], and *County of Los Angeles* v. *Ballerino,* 99 Cal. 597, [32 Pac. 581], or by a higher levy than the board had power to make, as in *Quint* v. *Hoffman,* 103 Cal. 508, [37 Pac. 514], or by a levy improperly made, or a street assessment upon an illegally enhanced value, as in *Esterbrook* v. *O'Brien,* 98 Cal. 674, [33 Pac. 765], in each of which cases the rule here invoked was applied. Similar and much stronger applications of the rule are found in *National Bank* v. *Kimball,* 103 U. S. 733; *Huntington* v. *Palmer,* 7 Saw. 358, [8 Fed. 449]; *State R. R. Tax Cases,* 92 U. S. 616; and *Hunt* v. *Easterday,* 10 Neb. 165, [4 N. W. 952].

Furthermore, in the case of a general annual tax such as

that here involved there is an obligation to pay, in a sense legal as well as moral, and also a lien therefor, each established by law, irrespective of the regularity of the assessment. There can be no doubt that the legislature could authorize an amendment of the assessment so as to make it correctly describe the land, and if that were done the payment of the tax already levied could be enforced. An instance of the exercise of this power is shown by the act of March 23, 1893, (Stats. 1893, 290). In regard to such general taxes this court has said: "The assessment does not create the lien. It is merely one of the steps for its enforcement. . . . The lien for the taxes justly leviable upon property . . . attaches on the first Monday of March in each year, and the obligation to pay necessarily accrues at the same time, if not earlier." (*San Diego* v. *Riverside,* 125 Cal. 500, [58 Pac. 81].) The payment, it is said, is not due until a legal assessment is made, but when that is done there is no new obligation created, but a mere step is taken toward the enforcement of the original one. (Ibid.) It follows that there is a valid existing obligation upon the plaintiff to pay the tax, and one capable of enforcement at law. Therefore, the argument that the rule of equity here invoked by defendant cannot be applied unless there is an enforceable obligation on the plaintiff to pay falls to the ground.

There are some expressions in the opinion of Commissioner Smith in the recent case of *Palomares Land Co.* v. *County of Los Angeles,* 146 Cal. 530, [80 Pac. 931], which, if considered apart from the context and the question there involved, seem to state positively that until a valid assessment is made there exists no obligation, legal or moral, to pay the tax levied. But the court is there speaking of the right of the state to impose on the taxpayer an additional penalty for a failure to pay the tax when due, and the word "obligation" is obviously used in reference to a perfected and matured obligation, one of which immediate payment is due. What is meant is, that until an assessment is made there is no such obligation of immediate payment as would justify punishment for a failure to perform within the time prescribed. The doctrine of that case is not inconsistent with the views here expressed.

The respondent has not made any argument. The appellant calls our attention to the case of *Grant* v. *Cornell, post,* p. 565,

[82 Pac. 193], now pending in Department One, involving the questions here discussed, in which the respondent has filed a brief in answer to the points made by the appellant in this case, and upon the consideration of this case we have availed ourselves of the argument of the respondent in that case, so far as applicable.

For the reasons here given the demurrer to the complaint should have been sustained.

The judgment is reversed.

Angellotti, J., Van Dyke, J., Henshaw, J., Beatty, C. J., and Lorigan, J., concurred.