[L. A. No. 1643.  In Bank.—August 9, 1907.]

## SAVINGS AND LOAN SOCIETY, Appellant, v. EDMUND M. BURKE, as Tax-Collector of the County of Santa Barbara, Respondent.

TAX-DEED—IMPERFECT ASSESSMENT—INJUNCTION.—TENDER OF AMOUNT OF TAX.—The execution of a tax-deed based on an imperfect assessment will not be restrained at the suit of one who does not offer to do equity by paying such tax as is in morals and justice chargeable against him.

ID.—ASSESSMENT OF MORTGAGE—INTEREST AS ENTIRETY—ASSESSMENT TO MORTGAGOR BY SECTIONS.—Where the assessment of a large tract of mortgaged lands properly made against the mortgagor by government subdivisions, as required by sections 3628 and 3650 of the Political Code, shows a valuation of the property by such legal subdivisions, and a deduction, on account of the mortgage, from the valuation of each parcel, the mortgagee, whose interest in such lands was assessed in a lump sum, aggregating the total of such deductions, without any apportionment among the sections composing the mortgaged property, cannot maintain an action to restrain the execution of a tax-deed based upon the assessment of the mortgage interest, without tender of the amount of the tax assessed thereon.

ID.—TENDER OF TAX ON PARTICULAR SECTIONS.—If the mortgagee had desired to free any specific sections of the land from the lien of the tax, it could have offered to pay the tax properly chargeable to those sections. Such offer, even if refused, would have put the mortgagee in a position to ask and receive the aid of a court of equity. If it never had the intention or desire to pay the tax as to any part of the land less than the whole, the failure to assess the mortgage interest by subdivisions did not affect its obligation to pay the entire tax.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   James W. Taggart, Judge.

The facts are stated in the opinion of the court.

Canfield & Starbuck, for Appellant.

U. S. Webb, Attorney-General, George A. Sturtevant, Deputy Attorney-General, and E. W. Squires, District Attorney, for Respondent.

SLOSS, J.—This is an action brought to restrain the execution of a tax-deed to the state, following a sale for nonpayment of taxes.   A demurrer to the second amended complaint was sustained, and, plaintiff declining to amend, judgment went for the defendant.   The plaintiff appeals.

The complaint in question sets forth these facts:   The plaintiff, in 1897, was, and ever since has been, the owner and holder of a mortgage interest in certain lands in Santa Barbara County.   The mortgaged lands, consisting of some eighty-eight hundred acres, were included in territory which had prior to 1897 been divided into townships and sections pursuant to the laws of the United States.   The owner of the fee was J. W. Calkins, and the land was assessed to him for the year 1897 by sections, as required by sections 3628 and 3650 of the Political Code.   The mortgage interest of the plaintiff was, however, assessed in a lump sum, without apportionment or division among the subdivisions or sections composing the mortgaged property.   The amount of the tax was likewise computed in the assessment-book in a lump sum, and appears therein as amounting to $1,316.86.   No part of the tax having been paid, the property was sold to the state (Pol. Code, sec. 3771), and the plaintiff, claiming that the failure to assess his mortgage interest by sections is fatal to the validity of the assessment and tax, seeks to enjoin the execution of a deed.   For the purposes of this decision, we assume, but do not decide, that the provisions of the Political Code as to assessing land by sections are applicable to mortgage interests.

It is the law of this state, as declared in two decisions rendered since this appeal was taken, that the execution of a tax-deed based on an imperfect assessment will not be

restrained at the suit of one who does not offer to do equity by paying such tax as is in morals and justice chargeable against him. (*Couts* v. *Cornell,* 147 Cal. 560, [109 Am. St. Rep. 168, 82 Pac. 194]; *Grant* v. *Cornell,* 147 Cal. 565, [109 Am. St. Rep. 173, 82 Pac. 193].) The appellant does not dispute the correctness of this rule, but seeks to distinguish the case at bar from those cited. It is said that in *Couts* v. *Cornell* the defect in the assessment was that the property was not sufficiently described for purposes of identification, and that such defect in the description did not affect the moral obligation of the landowner to pay the tax. Here, however, it is claimed that the failure to assess the mortgage interest in parcels, according to the governmental subdivisions of the land, directly affected the obligation to pay a tax at all; that it is the privilege of the taxpayer, where the land is required to be assessed in sections, to pay (or redeem) as to some sections, allowing the taxes on the remaining sections to become delinquent, and that if the state does not, by separately assessing and taxing the sections, put the owner of the property in a position to exercise his right to make such partial payment, he is under no moral obligation to pay any part of the tax.

Whatever apparent force this argument might have is destroyed by an inspection of the complaint and an examination of the provisions of the Political Code regarding assessment for taxation. The complaint contains a copy of a portion of the assessment-roll. This includes the assessment to Calkins, the owner of the fee, showing a valuation of the property by legal subdivisions, and a deduction, on account of the mortgage, from the valuation of each parcel. On the same page follows the assessment of the mortgage interest to plaintiff. The sum of the deductions from the assessment to Calkins equals the amount at which the appellant's mortgage interest is assessed.

This assessment to the owner of the fee was in accordance with the requirements of the code. Under our system of taxation, the mortgage is treated as an interest in the land, and assessed at its full cash value. (Pol. Code, sec. 3628.) The land is entered in the assessment-book by sections, with its cash value, and, where it is subject to a mortgage security, the assessor must enter, "in the proper column, the value

of such security, and deduct the same.'' (Pol. Code, sec. 3650.)    The value of the mortgage security which is to be so deducted is the same as the ''full cash value'' at which the mortgage security is to be assessed.    Since such deduction was made as to each section of the mortgaged land, the plaintiff could have readily ascertained from the data necessarily appearing on the face of the assessment-book the amount of the tax justly chargeable against its interest in any one of the sections covered by its mortgage.

It is suggested that a payment as to a part of the mortgage interest which had been assessed as a whole would not have been accepted by the tax-collector.    If plaintiff in fact desired to free any specific sections of the land from the lien of the tax, there was nothing to prevent its *offering* to pay the tax properly chargeable to those sections.    Such offer, even if refused, would have put it in a position to ask and receive the aid of a court of equity.    If it never had the intention or desire to pay the tax as to any part of the land less than the whole, the failure to assess by subdivisions did not affect its obligation to pay the entire tax.

In either view, the appellant's failure to make any payment or tender leaves its case as devoid of equity as that of the plaintiff in *Couts* v. *Cornell*, 147 Cal. 560, [82 Pac. 194].

The judgment is affirmed.

Angellotti, J., Shaw, J., Lorigan, J., McFarland, J., Henshaw, J., and Beatty, C. J., concurred.

Rehearing denied.