[L. A. No. 1998.  Department One.—January 31, 1908.]

## T. J. STEELE, Appellant, v. COUNTY OF SAN LUIS OBISPO, Respondent.

TAXATION—RECOVERY OF TAXES AFTER PAYMENT—MERE IRREGULARITY IN TAX PROCEEDING.—The rules based upon the maxim that he who seeks equity must do equity, are applicable in suits to recover taxes paid.  The idea upon which such a suit is predicated is that the county or municipality has received that which in justice it ought not to retain, and, therefore, when the tax proceedings have been simply irregular, the action will not lie.  The action only lies where the tax was void and a mere nullity.  Section 3819 of the Political Code, providing for the recovery of taxes paid on void assessments, was not intended to lay down any different rule.

ID.—OMISSION OF AFFIDAVITS FROM ASSESSMENT-BOOK.—Where an assessment and the tax levied thereon were in all other respects valid, the mere omission from the assessment-book of the affidavits required by sections 3682 and 3732 of the Political Code, by the clerk of the board of supervisors and the county auditor, will not warrant the recovery of such tax after it has been paid.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order refusing a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

McD. R. Venable, Albert Nelson, and Wm. Shipsey, for Appellant.

Chas. A. Palmer, and W. H. Spencer, for Respondent.

ANGELLOTTI, J.—This is an action to recover certain state and county taxes for the fiscal year 1904-5, with penalties and costs, paid by plaintiff and his assignors under protest. Defendant had judgment, and plaintiff appeals from such judgment and from an order denying his motion for a new trial.

The payments were made by the taxpayers on the day noticed by the tax-collector for the sale of the property for delinquent taxes, and were made for the purpose of prevent-

CLII Cal.—50

ing such sale and the issuance of certificates of sale thereon.
The basis of plaintiff's claim was the failure of the clerk of
the board of supervisors, when delivering the assessment-book
after equalization by the board to the county auditor to ac-
company the same with his affidavit as required by section
3682 of the Political Code, and the failure of the auditor to
make or attach to the assessment-book the affidavit required
by section 3732 of the Political Code. Section 3682 requires
the clerk to accompany the book with his affidavit to the effect
that as clerk of the board he has kept correct minutes of all
the acts of the board touching alterations in the assessment-
book, and that all alterations agreed to or directed to be
made have been made and entered in the book, and that no
changes or alterations have been made therein except those
authorized. No such affidavit was made by the clerk when
he delivered the book, or until after publication of the delin-
quent list and notice of sale. Two days before the day no-
ticed for sale, he did make, subscribe, and attach to the book
an affidavit in the form prescribed by the section of the code.
Section 3732 requires the auditor, after computing the taxes
on the various assessments, to deliver the corrected assessment-
book, on or before the second Monday in October, to the
tax-collector, with an affidavit attached thereto and by him
subscribed, stating that he received the assessment-book of the
taxable property from the clerk of the board of supervisors
with his affidavit thereto affixed, and that he has corrected
it and made it to conform to the requirements of the state
board of equalization, that he has reckoned the respective
sums due on taxes, and has added up the columns of valuation,
taxes, and acreage as required by law. This affidavit was
never made. As a matter of fact, no change or alteration
of any kind had been made by the board of supervisors or
clerk in said assessment-book, and the county auditor had com-
plied with all requirements of the law as to the computing
of the taxes fully and completely, and delivered the book with
the taxes so computed thereon to the tax-collector at the ap-
pointed time. The various assessments were in all respects
valid save for the omission of such affidavits, and the amounts
designated as taxes opposite the respective assessments were
the amounts of taxes due from the various taxpayers for state
and county taxes for the fiscal year 1904-5.

We are satisfied that under such circumstances the plaintiff should not be allowed to recover the taxes paid by him and his assignors. It may be conceded, in accord with the decision of this court in *Miller* v. *County of Kern,* 137 Cal. 521, [70 Pac. 549], that without such affidavits annexed to the assessment-book the assessments were defective and not legally enforceable by the tax-collector. They were defective and non-enforceable, however, solely because they were not properly authenticated by affidavits of the clerk and auditor showing certain requisites to have been complied with. When it was made to appear in this action that all such requisites had in fact been complied with by these officers, there was presented simply a case of taxpayers who have paid only their fair and just proportion of the taxes levied for the year, seeking to recover the same upon what has been made to appear is, under the facts, a most technical defect in no degree affecting any substantial right. Such a case is clearly subject to the doctrine enunciated in *Couts* v. *Cornell,* 147 Cal. 560, [109 Am. St. Rep. 168, 82 Pac. 194]. That action, it is true, was one in equity, the plaintiff seeking a decree declaring certain assessments and the sales and certificates thereunder invalid because of a technical defect in the description of property in the assessment, and enjoining the issuance of any deed in pursuance of such certificates. But the rules based upon the maxim that he who seeks equity must do equity are applicable in suits to recover taxes paid. . The idea upon which such a suit is predicated is that the county or municipality has received that which in justice it ought not to retain, and, therefore, when the proceedings have been simply irregular, the action will not lie. There must be something further. The tax must be void, a mere nullity. (Cooley on Taxation, 3d ed., p. 419.) Section 3819 of the Political Code, providing for the recovery of taxes paid on void assessments, was not intended to lay down any different rule. In accord with the views expressed in *Couts* v. *Cornell, supra,* plaintiff and his assignors, under the facts here appearing, justly owed the several amounts of taxes charged against them on the assessment-book. There was a valid existing obligation upon them to pay such taxes. Assuming that payment thereof could not have been enforced in the absence of the affidavits required by statute, and that a sale by the tax-collector

under those conditions would not have passed the title, that case establishes that they could not, without paying or offering to pay the taxes due, have obtained a decree relieving their property from the cloud created by the assessment or preventing the execution of a deed purporting to convey that property for delinquent taxes. Instead of asking this well-recognized equitable relief, they have discharged their obligations by paying the amount thereof, and now claim to be entitled to recover the amounts they owed and paid, not on the ground that they did not justly owe the same, but solely because of what has been shown to be a technical omission in the assessment-book by the clerk and auditor. The answer to their claim must be the same as was the answer to the claim of plaintiff in *Couts* v. *Cornell, supra.*

No special claim has been made in regard to such portion of the amount as was paid for penalties and costs, and we have not, therefore, felt called upon to consider whether a recovery should be had therefor, even though the taxes themselves are not recoverable. Plaintiff and his assignors are entitled to no particular consideration in this regard, as it must have been apparent to them that they were relying upon a pure technicality to save them from paying the taxes they justly owed.

The judgment and order are affirmed.

Shaw, J., and Sloss, J., concurred.