[Civ. No. 459.   Third Appellate District.—April 28, 1908.]

## P. L. FLANNIGAN and JAMES DUNN, Appellants, v. C. H. TOWLE et al., Respondents.

QUIETING TITLE—CONDITION OF EQUITABLE RELIEF—INVALID TAX TITLE —RECITAL IN DEED—PURCHASE FROM STATE—REIMBURSEMENT RE- QUIRED.—A plaintiff who comes into equity for relief must do equity as a condition of equitable relief. A plaintiff who seeks to quiet title against a purchaser from the state for delinquent taxes, twelve years after the land was sold to the state, on the ground that the deed to the state recites that the sale was upon insufficient publication, without offering to pay the taxes assessed, or to re- imburse the defendant for the amount paid in good faith to the state for the property, is not entitled to the relief sought.

ID.—RECORD UPON APPEAL—DIMINUTION—OBJECTION TO EVIDENCE— FINDING NOT ASSAILED—PRESUMPTION.—Where the record upon appeal, as corrected upon diminution, merely shows an objection by appellants to the admission in evidence of several tax deeds, and does not assail the findings for insufficiency of evidence, or dis- close any offer to do equity, it must be presumed that appellants

are unwilling to pay the tax assessed, and that therefore the court was justified in finding against them.

ID.—ADMISSION AT TRIAL—APPELLANTS NOT AGGRIEVED AS TO OTHER TRACTS.—Where the appellants admitted at the trial that their title was only involved in one of the tax deeds, they are not aggrieved by the ruling or the judgment as to other tracts covered by that objection.

APPEAL from a judgment of the Superior Court of Modoc County. N. D. Arnot, Judge presiding.

The facts are stated in the opinion of the court.

N. J. Barry, for Appellants.

J. H. Stewart, for Respondent C. H. Towle.

BURNETT, J.—At the time of the submission of this cause, in accordance with rule 14 of the supreme and appellate courts, there was a suggestion by appellants of diminution of the record. According to the certificate of the clerk below the printed record contains an incomplete transcript of the bill of exceptions as actually settled by the trial judge. The defect consists in the omission of the objections made by appellants to the introduction in evidence of the deeds upon which defendant Towle relies for his title and the exceptions taken to the orders of the court overruling said objections.

As the record should speak the truth, the motion of appellants to supply said omission is granted and the said certificate filed in this court will be considered.

The result is, that we have a record containing no challenge of the sufficiency of the evidence to support the findings, and the only specification of error is that "the court erred in admitting in evidence defendants' exhibits A, B, C, D, E and F."

Plaintiffs admitted at the trial that they could show no title to the land described in any of these deeds except that contained in exhibit B. Hence they are not aggrieved parties so far as the judgment relates to the other tracts. (Code Civ. Proc., sec. 938; *Estate of Piper*, 147 Cal. 606, [82 Pac. 246].)

The objection to said deed, B, is that the recitals therein contained show that the sale of the land to the state for de-

linquent taxes was not in accordance with the requirement
of the statute, as less than three weeks' notice of said sale was
given by publication. We think, however, that, under the
circumstances disclosed by the record, appellants should not
be permitted to urge that as a ground for a reversal of the
judgment.

There is no pretense that the assessment of the taxes was
not regular; it is not claimed that appellants ever paid the
tax or offered to do so; there is no contention that any fraud
was perpetrated or that defendant Towle did not act in good
faith in purchasing the land from the state, or that he did
not pay the full amount that was due.

Plaintiffs, twelve years after the land was sold to the state,
bring this action in equity to quiet title, without offering to do
equity. It would be grossly inequitable to grant them the
relief which they seek without requiring them to reimburse
respondent for the money which he has paid in reliance upon
the state's title. But from the record before us we must
assume that appellants are unwilling to pay the tax, and there-
fore the court was justified in finding against them.

In *Esterbrook* v. *O'Brien,* 98 Cal. 673, [33 Pac. 766], it is
said: "Courts of equity do not review the proceedings of
officers intrusted with the assessment of property. If pro-
ceedings taken by them are void, no title will pass by a sale
of the real estate, and the party claiming to be injured must
litigate his right in an action at law for the possession of the
premises."

In *Ellis* v. *Witmer,* 134 Cal. 253, [66 Pac. 303], it is said:
"The assessment and bond being valid, it appears that the
plaintiffs are indebted for the amount assessed or such pro-
portionate part of it as may correspond to their land. This
being the case, they cannot successfully invoke the assistance
of a court of equity against the irregularities in the sale com-
plained of, unless on the condition of paying what is due from
them. Here no such condition has been imposed by the court,
nor is there an offer in the complaint to pay what is due. The
plaintiffs were therefore not entitled to relief."

In *Couts* v. *Cornell,* 147 Cal. 561, [109 Am. St. Rep. 168,
82 Pac. 194], we find this language: "The plaintiff comes into
a court of equity admitting that he should have paid on ac-
count of this property the exact sum originally charged against

it; that this was no more than his fair share of the public burden which he, in common with all other taxpayers, must bear for the support of the government whose protection he enjoys. We think the case thus presented is without equity and that on the familiar principle that he who seeks equity must do equity the plaintiff should be denied the equitable relief which he demands. . . . The original tax was not unjust, and if we concede that the defective descriptions were so material as to make the sales void, that consequently, under the provisions of section 3806 of the Political Code, the tax collector should not have offered the lands for sale, and hence that the penalties and costs are unjust, the plaintiff cannot ask to have the sales canceled nor the assessment set aside unless he shows that he has paid, or offers to pay, the amount which of right he ought to pay.'' (See, also, *Steele* v. *County of San Luis Obispo,* 152 Cal. 785, [93 Pac. 1020].)

We think the principle announced in the foregoing cases is applicable here, and the judgment is therefore affirmed.

Chipman, P. J., and Hart, J., concurred.