[Civ. No. 1871. First Appellate District.—March 22, 1917.]

RAYMOND J. SQUIRES, Appellant, v. CHARLES V. ESTEY, Respondent.

QUIETING TITLE—VOID TAX DEED—CONDITION OF RELIEF—REIMBURSE-MENT OF PURCHASER AT TAX SALE.—Where the owner of property comes into equity asking equitable relief to remove or cancel a tax deed or sale as a cloud upon his title, or to obtain a judgment which will in effect invalidate such sale or deed, the court should refuse any relief except upon the condition that he first repay to

the tax purchaser, or his grantee or assignee, the taxes, penalties, interest, and costs justly chargeable upon the land and which the purchaser has paid at the sale, or afterward upon the faith of it, with legal interest from the time of such payment, less rents received, if any, if the purchaser has been in possession, regardless of the fact that the assessments and levies of taxes were void on account of numerous defects and irregularities.

Id.—Right of Reimbursement—Equity.—The right of the purchaser of a tax title upon his deed being declared invalid to recover the amount paid out by him for taxes, penalties, costs, interest, and charges, rests upon equitable principles, and is not dependent upon section 3898, subdivision 5, of the Political Code, as amended in 1913.

APPEAL from a judgment of the Superior Court of Alameda County. J. J. Trabucco, Judge presiding.

The facts are stated in the opinion of the court.

L. A. Kottinger, and Milton Shepardson, for Appellant.

John G. Lawlor, for Respondent.

RICHARDS, J.—This is an appeal from the judgment in defendant's favor in an action commenced by the plaintiff, as the owner of a certain tract of land, to quiet title thereto against the defendant claiming under a tax deed. The defendant in his answer and cross-complaint set up his tax deed as a defense to the action, and also averred that he had paid out and expended the sum of $905 as taxes, penalties, costs, interest, and charges which were assessed and a lien upon said property at the time he obtained said tax deed to the same, and the payment of which was a condition precedent to the issuance of said tax deed; and the defendant prayed that should the court find his tax deed for any reason invalid, and adjudge the plaintiff to be the owner of the property, it should also in its judgment decree that the plaintiff be required to repay to the defendant the sums so expended. Upon the issues as thus made up the trial court found the defendant's tax deed to be invalid, but directed the repayment to the defendant by the plaintiff of the sum of $835.90 so expended by him for taxes and so forth, and decreed that its judgment quieting the plaintiff's title should be ineffectual until such sum

was paid. From this judgment the plaintiff prosecutes this appeal.

The main contention of the appellant is that the various items of taxes, etc., alleged to have been paid by the defendant as a prerequisite to the issuance to him of the tax deed, were based upon assessments and levies of taxes by the state and by the city of Oakland which were void on account of numerous defects and irregularities as shown in the proofs and pointed out in the briefs of appellant. Conceding that such defects and irregularities exist, and that they were such as would have rendered void the tax deed issued to the defendant, and uncollectible the taxes based thereon in any proceedings initiated by the state to compel the plaintiff as the owner of the property to pay the same, or even in any proceeding initiated by the defendant to quiet his title to the property, we are still unable to distinguish this case from the case of *Holland* v. *Hotchkiss,* 162 Cal. 366, [L. R. A. 1915C, 492, 123 Pac. 258], wherein the rule is laid down that "Where the owner comes into equity asking equitable relief to remove or cancel a tax deed or sale as a cloud upon his title, or to obtain a judgment which will in effect invalidate such sale or deed, the court should refuse any relief except upon the condition that he first repay to the tax purchaser, or his grantee or assignee, the taxes, penalties, interest and costs justly chargeable upon the land and which the purchaser has paid at the sale, or afterward upon the faith of it, with legal interest from the time of such payment, less rents received, if any, if the purchaser has been in possession." It is contended, however, by the appellant that this rule has only application to cases where the assessment and levy of the taxes sought to be recovered were so far legal as to have created a lien upon the property. But the case above cited does not make this distinction in its application of the broad principle that he who seeks equity must do equity; but on the contrary the most recent cases which are cited therein as upholding the doctrine, or which have been decided since, are cases in which the assessments and levies of taxes were void for irregularities as vital as those relied upon by the appellant in the case at bar, notwithstanding which the owners of the property going into a court of equity, seeking the equitable relief of a decree quieting their title as against void tax deeds, were required in each case to pay or offer to pay a sum equal to the taxes which

would be justly due. (*Couts* v. *Cornell*, 147 Cal. 560, [109 Am. St. Rep. 168, 82 Pac. 194] ; *Savings & Loan Soc.* v. *Burke*, 151 Cal. 616, [91 Pac. 504] ; *Campbell* v. *Canty*, 162 Cal. 382, [123 Pac. 266] ; *Johnson* v. *Canty*, 162 Cal. 391, [123 Pac. 263] ; *Cordano* v. *Kelsey*, 28 Cal. App. 9, [151 Pac. 391, 398].) Upon the authority of those cases we find no merit in the foregoing contention on the part of the appellant.

The appellant also contends that the defendant's amended answer and cross-complaint were insufficient in respect to their affirmative averments as to the details of the assessment and levy of the taxes sought to be recovered. We are of the opinion that however uncertain and indefinite the defendant's pleading may be in the respects indicated, it was sufficient to raise the issue in the absence of a special demurrer.

As to the appellant's contention that section 3898, subdivision 5, of the Political Code as amended in 1913 [Stats. 1913, p. 560], is void in its attempted application to assessments and levies of taxes made before the passage of such amendment, it is sufficient to say that the respondent's right to a recovery in the case at bar does not depend upon this or any other section of the code, but rests upon a principle of equity well established in the decisions of the courts long prior to the amendment of the code.

Judgment affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 21, 1917.