[Sac. No. 5234. In Bank.—August 21, 1939.]

FRED CHARLES et al., Appellants, v. CITY OF CRESCENT CITY (a Municipal Corporation) et al., Respondents.

G. H. Harvey, John L. Childs and C. A. Degnan for Appellants.

T. F. Peterson for Respondents.

THE COURT.—This is an action by taxpayers to declare invalid the assessments and tax levies of respondent city for the year 1931–32, and to enjoin the city and its officers from selling plaintiffs' property at tax sales. The trial court sustained a general demurrer to plaintiffs' complaint and thereafter entered judgment of dismissal, from which plaintiffs appealed.

In view of the ruling on the demurrer, the question is whether the complaint states a cause of action. It alleges that respondent city purported to assess, levy and collect taxes for general municipal purposes and special assessments, pursuant to its governing tax ordinance, but that there was a failure to comply with the provisions of said ordinance in numerous particulars, among which were the following: that the assessor failed to include within the assessment book all persons and property subject to taxation; that he failed to specify therein the cash value of property; that the city council did not fix the rate of city taxes for general municipal purposes or for the payment or retirement of bonds or other obligations; that the city clerk did not enter in the assessment book the respective sums in dollars and cents levied on each one hundred dollars valuation of taxable property, and the total value of the property in the city and the total amount of city taxes for the period. Many other irregularities in the proceedings for assessment and levy and in the proceedings for enforcement of the taxes by sale of the delinquent property are set forth. Since these are all admitted for the purposes of the demurrer, and therefore, for this appeal, we start with the proposition that the attempted sale of plain-

tiffs' property for delinquent taxes was improper and plaintiffs are entitled to some relief.

■ Defendants, however, point out that in seeking equitable relief, as this complaint does in its demand for an injunction against the collection of the tax, a distinction must be drawn between situations where it is claimed that the tax is wholly unauthorized, as where there is no jurisdiction over the property, and where there is jurisdiction but the proceedings were irregular. It is conceded in this case that plaintiffs own property subject to tax and their only objection is that the taxes were irregularly assessed and levied. It follows, under the settled rule, that before equitable relief can be given in such a case, the property owner must recognize that a tax in some amount is actually owed, and must pay or tender that sum which is legal and fair, and which, therefore, in good conscience he ought to pay. (*De-Mille* v. *Los Angeles,* 25 Cal. App. (2d) 506 [77 Pac. (2d) 905]; *Los Angeles* v. *Ransohoff,* 24 Cal. App. (2d) 238 [74 Pac. (2d) 828]; *Esterbrook* v. *O'Brien,* 98 Cal. 671 [33 Pac. 765]; *Couts* v. *Cornell,* 147 Cal. 560 [82 Pac. 194, 109 Am. St. Rep. 168].)

■ Plaintiffs in turn admit this proposition and refer to the following allegation in their complaint: "that said plaintiffs are ready, able and willing and now tender and offer to pay to said city of Crescent City, such taxes for the year 1931-32, which, upon hearing, this court may find, adjudge and determine to be legally due and owing by said plaintiffs to said city of Crescent City." The question is whether this allegation is sufficient, without a payment or tender of any specific sum. Plaintiffs assert that, because of the irregularities mentioned, they cannot determine the amount actually due or any part thereof and must necessarily await the court's judgment. This seems to us to be a reasonable position in the present state of the record. Under the allegations of the complaint the tax legally due is so uncertain that any specific sum offered would be purely speculative, and consequently the only tender reasonably necessary is the one made, namely, to pay that which the court shall find due.

■ Defendants also urged several grounds of special demurrer in the lower court, principally the misjoinder of parties defendant. It is contended that the tax collector and the city are the only proper parties and that the special demurrer of the councilmen and city clerk should be sustained.

The trial court, however, expressly based its rulings on the failure to allege a sufficient tender, and if there is any merit in the point of misjoinder, it did not justify the sustaining of a general demurrer without leave to amend. It is further urged that the complaint was defective in failing to allege a description of plaintiffs' property, its value, the rate charged, and the amount assessed against the same, but plaintiffs point out that the reason for this is found in other allegations which show that these matters were not ascertained and stated by the defendants in the manner required by law.

Defendants having failed to produce either authority or reason for the determination of this case on the demurrer, the matter should be brought to trial, and, if the proceedings are irregular, the amount of tax legally due should be ascertained after a proper hearing on the issue of the validity of the assessment and levy.

The judgment is reversed with directions to the trial court to overrule the demurrers and to permit the defendants to answer, if they be so advised.